UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
BIN WANG,

                                Plaintiff,        **Case No. 20-CV-10395**

       -against-

LEO CHULIYA, LTD d/b/a Fantasy Cuisine.,        **COMPLAINT**
AUSTIN CHU, and JANE CHEN a/k/a Mrs. Chen,

                            Defendants.        Jury Trial Demanded
------------------------------------------------------------------ X

Plaintiff BIN WANG (hereinafter referred to as "Plaintiff"), by and through his undersigned attorney, Ricardo R. Morel, Esq., files this Complaint against Defendants LEO CHULIYA, LTD, d/b/a Fantasy Cuisine Co., AUSTIN CHU and "JANE" CHEN a/ka/ Mrs. Chen (first name unknown) (hereinafter collectively referred to as "Defendants"), jointly and severally, and alleges as follows:

## INTRODUCTION

1.     This action is brought by Plaintiff against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and of New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed violations of the FLSA and NYLL by their failure to pay the Plaintiff overtime compensation for all hours worked in excess of forty (40) each workweek.

3.     Plaintiff alleges pursuant to the FLSA that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest, and (4) attorney's fees and costs.

4.     Plaintiff further alleges pursuant to NYLL § 650 *et seq.* and 12 New York Codes, Rules and Regulations ("NYCRR") § 146 that he is entitled to recover from the Defendants: (1) unpaid compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars (5,000) for Defendants' failure to provide paystubs that accurately and truthfully list employee's hours, along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's gross and net wages for each pay day; (5) liquidated damages equal to the sum of unpaid overtime and unpaid spread-of-hours premium, in the amount of twenty-five percent under NYLL §190 *et seq.*, § 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act; (6) 9% simple prejudgment interest provided by NYLL; (7) post-judgment interest; and (8) reasonable attorney's fees and costs.

5.     Upon information and belief, Defendants willfully failed to record all the time that Plaintiff worked, including time worked in excess of forty (40) hours per week and in excess of ten (10) hours per shift. Defendants did not maintain any reliable method of calculating Plaintiff's hours, such as a time-clock in-and-out system or otherwise.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. §1367(a), because these claims are so closely related to Plaintiff's federal wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because the Defendants conduct business in this District, and the events and omissions giving rise to the claims alleged occurred in this District.

## THE PARTIES

### PLAINTIFF

9. Plaintiff BIN WANG is a resident of Queens County, State of New York. From September 8, 2019 to October 22, 2020, Plaintiff was employed by Defendants as a Bakery worker at 20 N. Central Avenue, Hartsdale, NY 10530.

10. At all times during the term of Plaintiff's employment at LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co., Plaintiff was an employee within the meaning of the FLSA and NYLL. 29 U.S.C. §203(e) and New York Labor Law §651(5). Plaintiff was a worker economically dependent on the business of the Defendants, and his labor was an integral part essential to Defendants' business.

11. At all times relevant to this action, Plaintiff was engaged in commerce because Plaintiff handled, used or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

**DEFENDANTS**

*Corporate Defendant*

12. Defendant LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co. is an active Domestic Business Corporation organized under the laws of the State of New York with a principal address at 20 N. Central Avenue, Hartsdale, NY 10530. [1]

13. Upon information and belief, LEO CHULIYA, LTD d/b/a Fantasy Cuisine is a business engaged in interstate commerce that has gross annual sales in excess of Five Hundred Thousand Dollars ($500,000).

14. Upon information and belief, LEO CHULIYA, LTD d/b/a Fantasy Cuisine purchased and handled goods moved in interstate commerce.

15. LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co. is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2; as well as the NYLL § 2.

16. At all relevant times, LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co. was, and is, an "enterprise engaged in commerce" within the meaning of the FLSA.

*Owner/Operator Individual Defendants*

17. Upon information and belief, the individual Defendants are officers, directors, managers, and/or owners of the Corporate Defendant, and are individually responsible for unpaid wages. They are "employers" pursuant to FLSA and NYLL, and are jointly and severally liable with LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co.

---

[1] The Division of Corporations of f the NYS Department of State lists as Agent for Process LENIHAN & ASSOCIATES, LLC, 235 Main Street Fifth Floor, White Plains, NY 10601. DOS ID# 4526355.

COMPLAINT – WANG v. LEO CHULIYA, LTD et al                                                                                     4

18. Upon information and belief, AUSTIN CHU is the C.E.O. and owner of Corporate Defendant LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co., who (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co.

19. AUSTIN CHU acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2; as well as NYLL § 2 and regulations promulgated thereunder, and is jointly and severally liable with LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co..

20. "JANE" CHEN, known as "Mrs. Chen" to Plaintiff, whose first name and personal address are unknown at this time, (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and conditions of employment; (3) determined employee rates and methods of payment; (4) maintained employee records at LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co.; and (5) was actively engaged and in charge of the daily operations of the Defendants' business.

21. Upon information and belief, "JANE" CHEN a/k/a Mrs. Chen is an owner and officer of LEO CHULIYA, LTD d/b/a Fantasy Cuisine. She is AUSTIN CHU's wife.

22. "JANE" CHEN a/k/a Mrs. Chen acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d), and regulations thereunder, 29 C.F.R. § 791.2;  as well as NYLL § 2, and regulations thereunder. She  is jointly and severally liable with Defendant LEO CHULIYA, LTD d/b/a Fantasy Cuisine. and with co-defendant AUSTIN CHU.

## **STATEMENT OF FACTS**

23. In on or about September 8, 2019, Defendant LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co. employed Plaintiff BIN WANG as a Bakery worker at Defendants' restaurant operations at 20 N. Central Avenue, Hartsdale, NY 10530.

24. Plaintiff worked for the Defendants until on or about October 22, 2020.

25. From on or about March 30, 2020 to on or about April 11, 2020, the restaurant closed due to Covid-19 and some renovations. When the restaurant reopened, employees did not want to go back to work. Defendants persistently contacted Plaintiff, pleading for him to return to work.

26. Plaintiff returned to work on or about April 13, 2020. But when Plaintiff returned, there were only two workers, and Plaintiff was required to perform a multitude of tasks outside of his regular job, for example, cooking and maintenance in the kitchen; preparing foods, cutting vegetables; cleaning, and miscellaneous as required.

27. In or about June, 2020, some employees returned to work. Upon information and belief, Defendants also hired some employees who, in order to qualify for Medicaid, insisted to be paid in cash, and worked for lower wages than Plaintiff.

28. Plaintiff took one week off in August, 2020. In September, 2020, Defendant reduced Plaintiff's schedule to five (5) instead of six (6) days per week. The scheduled hours remained the same, and he was required to work every Friday and Saturday. He worked until 10/22/2020, when, for pecuniary reasons, Defendants told Plaintiff that he was not needed anymore, and Defendant AUSTIN CHU dismissed him, because Defendants now had lower-paid workers.

**Wage and Hour Claims**

29. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff.

30. During Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. In fact, he worked a total of sixty-one (61) hours per week, six days a week, Monday through Saturday. He worked from 11:00 AM to 9:00 PM from Monday through Thursday. He was, however, required to be at work at around 10:45AM. Then he was required to work from 11:00 AM to 9:30 PM on Friday and Saturday. Except that from September to October, 2020, Defendants cut Plaintiff's weekly schedule to five (5) days instead of six (6) days; but Plaintiff was required to work every Friday and Saturday at the same aforesaid hours. So, from September to October 2020, Plaintiff worked fifty-one (51) hours per week instead of the previous 61 hours.

31. From about September 8, 2019 to September 2020, Plaintiff worked twenty-one (21) hours overtime each week. From September to October 2020, Plaintiff worked eleven (11) overtime hours per week. Throughout his employment, he did work 10 ½ hours on each Friday and Saturday, and so was entitled to an extra hour premium "spread-of-hours" for two hours weekly at the minimum wage.

32. Defendants never paid Plaintiff for work performed above forty (40) hours per week at one and one-half times Plaintiff's regular rate as required by law. He was never paid a "spread-of-hours" premium for hours worked over ten (10) per shift.

33. Defendants knew that the nonpayment of overtime and of New York's "spread-of-hours" premium for every day in which Plaintiff worked over ten (10) hours per shift would financially injure the Plaintiff, in violation of state and federal laws.

34. Defendants did not post the required New York State Department of Labor posters regarding, *inter alia,* minimum wage rates, overtime pay, and pay day in his native language. In fact, Defendants never informed Plaintiff of his hourly rate or the means by which he was being paid. He was simply paid a fixed amount, and was not informed of the basis therefor as legally required, in his native language.

35. At all relevant times, Plaintiff did not have a fixed time for meals.

**Wages**

36. From September 8, 2019 to about December 31, 2019, Plaintiff was paid a flat compensation at a rate of three thousand **($3,000.00) per month**. This translates to **$692.31 per week** [(3000 x 12) / 52], or $17.00 per hour for a 40-hour week.

37. From about January 1, 2020 to about March 30, 2020, Plaintiff was paid a flat rate of $700.00 per week. Defendants paid this by $500.00 check and $200.00 cash.

38. From about April 12, 2020 to October 22, 2020, Defendants paid Plaintiff a flat compensation of **$900.00 per week**, paid part by check and part in cash. Defendants told Plaintiff that although he would be paid $900.00 per week, in cash and by check, that Defendants would report paying him one hundred fifty dollars ($150) per day.

39. At all relevant times, Plaintiff was not paid overtime at 1.5x Regular Rate. He was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, which occurred two days per week. Plaintiff was never informed of his hourly pay rate as legally required. He was never given a statement with his weekly payment reflecting, among other things required by law, his rate or rates of pay, any deductions made from wages, and his gross and net wages for each pay day in Chinese, Plaintiff's native language, as clearly required by law.

## STATEMENT OF CLAIMS

### COUNT I
### [Violation of the Fair Standards Act – Failure to Pay Overtime]

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a). Plaintiff's regular rate was greater than the minimum wage. No Minimum Wage claim is made herein.

42. The FLSA, 29 U.S.C. § 216(b) provides that an employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an equal amount as liquidated damages.

43. Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

44. At all relevant times, Defendants have had a policy and practice of refusing to pay overtime compensation at the statutory rate, in violation of the FLSA. 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. The FLSA and supporting regulations require employers to notify employees of employment law requirements. 29 C.F.R. § 516.4. Defendants willfully failed to do so, in order to facilitate their exploitation of Plaintiff's labor. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate for all hours worked in excess

of forty (40) per week, when they knew or should have known that this was due, and that failure to do so would financially injure the Plaintiff.

## COUNT II
### [Violation of New York Labor Law – Failure to Pay Overtime]

46. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47. An employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages, equal to one hundred percent (100%) after April 9, 2011 under the NY Wage Theft Prevention Act, plus interest.

48. As stated, at all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff his due overtime at 1.5x the hourly rate.

49. Defendants' failure to pay Plaintiff his overtime compensation violated the NYLL and was not in good faith.

## COUNT III
### [Violations of New York Labor Law – Spread of Time Pay]

50. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. The NYLL requires employers to pay an extra hour's pay at the prevailing Minimum Wage for every day that an employee works an interval in excess of ten (10) hours. NYLL §§ 190 *et seq.*, and §§ 650 *et seq.*, and New York Department of Labor regulations § 146-1.6. Defendants failed to do so.

52. Defendants' failure to pay Plaintiff Spread-of-Time was not in good faith.

## COUNT IV
### [Violation of New York Labor Law – Failure to Keep Records]

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. Pursuant to NYCRR § 146-2.1, employers are required to establish and preserve employees' weekly payroll records for a period of not less than six years. Upon information and belief, Defendants failed to do so, in violation of this requirement.

55. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and of true wages earned by Plaintiff, in order to facilitate their exploitation of Plaintiff's labor. Defendant's failure to maintain such adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

56. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fees, pursuant to state law.

## COUNT V
### [Violation of New York Labor Law – Failure to Provide Time of Hire Wage Notice]

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. The NYLL and supporting regulations are very specific. They require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the

employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. NYLL §195-1(a). It would seem that inclusion of any of these items does not obviate the requirement to include the rest.

59. Defendants intentionally failed to provide said compliant notices to Plaintiff in violation of NYLL § 195, that all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their first day of employment.

60. Defendants not only failed to provide notice to Plaintiff at Time of Hire, but failed to do so even after the fact.

61. Pursuant to NYLL § 198(1-b), due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees.

## COUNT VI
**[Violation of New York Labor Law – Failure to Provide Wage Statements]**

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. The NYLL requires employers to provide detailed paystub information to employees on every payday. NYLL § 195-1(d).

64. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to the Plaintiff employee's compensation, and did not provide the required paystubs on each payday.

65. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000.00, together with costs and attorneys' fees, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BIN WANG respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act and New York Labor Law;

(b) An injunction against LEO CHULIYA, LTD d/b/a Fantasy Cuisine Co., and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

(c) An award of unpaid overtime wages due under the FLSA and/or NYLL;

(d) An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(e) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay Spread-of-Hours compensation, pursuant to NYLL §§ 190 *et seq.*, and §§ 650 *et seq.*, and New York Department of Labor regulations § 146-1.6 ;

(f) Up to five thousand dollars ($5,000) each, for Defendants' failure to provide paystubs for each pay day, and Time of Hire Notice in legally compliant form;

(f) An award of costs and expenses of this action, together with reasonable attorneys' fees, pursuant to 29 U.S.C. §216(b) and NYLL §§ 198 AND 663;

(g) An award of prejudgment and post-judgment interest;

(h) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

(i) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: Flushing, New York
December 9, 2020

Respectfully submitted,

*Ricardo R. Morel* .
Ricardo R. Morel, Esq. (RM2693)
*Attorney for Plaintiff*
39-15 Main Street – Suite 318
Flushing, NY 11354
(424) 362-8960
Esquire1998@gmail.com