**MEMO ENDORSED**



LAW OFFICE OF RICARDO R. MOREL, ESQ.

*Attorney at Law*

*Admitted*:
**STATE OF NEW YORK**

*United States District Court – Southern District of New York*
*United States District Court – Eastern District of New York*
*United States District Court – Western District of New York*
*United States District Court – Northern District of New York*
*United States Court of Appeals – Second Circuit*
*United States Court of Appeals – First Circuit*

_____

39-15 Main Street – Suite 318
Flushing, New York 11354
(424) 362-8960
Esquire1998@gmail.com

February 26, 2021

Hon. Edgardo Ramos
United States District Judge
US District Court – Southern District of New York
40 Foley Square
New York, NY 10007

    Via ECF

    Wang et al v. Leo Chuliya LTD et al

    **Case No.: 20-CV-10395-ER-GWG**

Dear Honorable Judge Ramos:

    As attorney of record for Plaintiffs in this FLSA matter presently before you, as an officer of this Court and under penalty of perjury, affirming herein upon my personal knowledge and upon information and belief which I believe to be true, I am respectfully writing to bring to the Court's attention a matter of immediate concern.

    Upon the attached affidavit by Plaintiff Yan Qiu Zhang, your undersigned respectfully submits this request for your Honor to issue an Order directing the defendants to cease and desist from harassing the Plaintiff, in defendants' efforts to persuade Plaintiff to circumvent lawful process in this matter. I do not make a motion for a T.R.O. because at this time I see no indication of the requisite "irreparable harm or loss" prior to trial.

    The parties are scheduled for an ordered Mediation session on 03/25/21. Plaintiffs have cooperated in this effort with the assigned mediator, in good faith.

1

It has come to my attention that immediately following my client's filing her complaint herein, the defendants have continually harassed her, attempting to persuade her to withdraw this lawsuit and to abstain from testifying in its proceedings. Egregiously, in exchange for a nominal payment, the defendants have asked the plaintiff to execute an affidavit which, on information and belief, is false. I believe the latter to be the case because it was proposed by one Mr. Li, a defendants' employee who has submitted an affidavit which Plaintiff Bin Wang avers is false.

It is my understanding that these acts are not only violative of the FLSA pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015), but violative of the provisions of U.S.C. § 1512 (b), (c) and (k) as well.

Since the defendants are represented by counsel, Hang & Associates by Jiajing Fan, Esq., I contacted said counsel and informed them of this. On February 20, 2021, I implored upon defendants' counsel to advise its clients to cease and desist the said activity, which seems to me violative as stated. Ms. Fan responded that my "threats" are subject to sanctions against me. When I subsequently asked Ms. Fan whether she had advised her clients about this, she said that she is under "no obligation to disclose confidential communications" with her clients.

This hardly portends favorably in a spirit of a mediated settlement. My client is reasonably upset. I haven't asked adverse counsel to disclose privileged information; but rather, I believe it is her ethical duty to address such things with the defendants to obviate problems.

A simple "o.k., I will talk to my clients" would have sufficed. But Ms. Fan's hostility under the color of advocacy compels me to seek the Court's intervention and guidance.

Accordingly, since opposing counsel refuses to do so, I respectfully request that the Court admonish the defendants regarding the impropriety of their actions. Defendants' counsel should also be cautioned with respect to its ethical obligations in its representation.

Because I am asking the Court to issue an order, this is being ECF-filed under the event of a motion and not as a non-motion letter. But, again, in anticipation of a mediation session, I believe that the request for the Court's intervention is justified under the premises.

Respectfully,

 /s/  *Ricardo R. Morel*            .
Ricardo R. Morel, Esq. (RM2693)
*Attorney for Plaintiffs*

---

Defendants are instructed to respond by no later than March 4, 2021.  SO ORDERED.

Edgardo Ramos, U.S.D.J
Dated:    3/1/2021
New York, New York

2