**MEMO ENDORSED**

# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

**March 1, 2021**

Jiajing Fan, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: jfan@hanglaw.com

**VIA ECF**
Hon. Edgardo Ramos
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

        Re: **20-cv-10395-ER-GWG** *Wang et al v. Leo Chuliya LTD et al*
        Letter Response to Plaintiffs' Letter Motion

Dear Your Honor Ramos:

    We represent the Defendants in the above referenced matter. We are writing to respectfully opppose to Plaintiff's Letter Motion requesting Order on Defendants ceasing harassment.

    **Facts**

    On December 10, 2020, Plaintiff Bin Wang filed complaint at Southern District of New York. (Doc. Ecf 1)

    On January 2, 2021, Court ordered Parties to go to mediation program. (Doc. Ecf 13)

    During January 2021, Defendants are generating information and possible witnesses for their Defenses.  Defendants asked their Master Chef Li whether he agreed to testify as witness.

    Mr. Li then asked whether Yan Qiu Zhang agreed to testify as a witness. At the call, Mr. Li politely asked ," Would you like to testify as a witness? "

    Ms. Yan Qiu Zhang expressed her concern, "Would it negatively influent me in anyway?"

    Mr. Li answered in Chinese, "没关系(Mei Guan Xi)" word in word translation as "It does not matter", but it means, "No, it won't negatively influent you."

    Ms. Yan Qiu Zhang then relied, "Let me think about it. "

(Zhenyang Li's Affidavit)

On February 12, 2021, the undersigned was informed by Defendant's counsel Mr. Ricardo Morel, Esq., that there would be a new Plaintiff joined in and her name is Yan Qiu Zhang. (Ex. 1 Communications about adding new plaintiff)

The undersigned informed Defendants with such, and requested Defendants to start to collection relative information. Defendant Auston Chu was very astonished since they had good friendship. On the afternoon of February 12, 2021, Defendant Chu used his wife Mrs. Chen's phone called Ms. Yan Qiu Zhang.

He politely asked, " I heard that you join the lawsuit, is it true?"

Ms. Yan Qiu Zhang quickly refused, "No, I do not sue you."

Mr. Chu was confused and asked whether there was any misunderstanding and if so, maybe they could have a chance to talk it through.

Ms. Yan Qiu Zhang replied, "I am sorry I am kind of busy now. I will call you back later."

After than she never called back.

Remaining confused, Defendant Chu called her back for a couple times with no pick-ups.

On February 12, 2021, at 11:37pm EST, counsel Ricardo Morel, Esq. Filed the amended complaint and added the named Plaintiff Yan Qiu Zhang. (Doc. Ecf 18)

On February 13, 2021, the undersigned confirmed with Defendant Chu that the new joined Plaintiff was Yan Qiu Zhang.

Mr. Chu was surprised and upset but understood the situation. He therefore had never contacted Ms. Yan Qiu Zhang in any contact and did not instructed anyone to do so. (Auston Chu's Affidavit)

On February 20, 2021, the undersigned received a letter from Plaintiff's Counsel accusing that "Mr. Austin Chu called her and „pleaded" with her to drop the lawsuit. He offered to pay her "under the table" to do so. He **then** had Mr. Zhen Yang Li, to contact my client. Mr. Li did so and tried to persuade my client to sign an Affidavit with false statements, which my client refused to do. "

Mr. Morel, Esq. also alleged that "Their communication with my client are not only improper, but the content thereof constitutes federal crimes…..to obviate our going further with a referral for criminal prosecution." (Ex. 2 Letter from P's Counsel)

In the following emails, the undersigned denied such accusations and prewarned such accusation could lead to sanction. The undersigned also requested Mr. Morel to confirm with his clients about the exact time of such "phone calls". (Ex. Communication between Counsel)

Being unsatisfied, Mr. Morel, Esq. brought this motion to the Court.

**Arguments**

Upon the facts, it is clear that Defendant Chu has never tried to "harass" Plaintiff Yan Qiu Zhang. On late January and early February 2021, Defendant Chu started to inquire any possible witness or possible affidavits, that's the time Ms. Zhang was contacted through Mr. Li. Ms. Yan Qiu Zhang's own affidavit stated it was February 6, 2021, and that was the time she realized there was a lawsuit. (Letter Motion Doc. Ecf. 32, Zhang's affidavit, ¶3) At the time it was never any threats or induce to witness but rather a normal inquiry under discovery obligations.

It is clear that Ms. Zhang refused to testify but choose to become a Plaintiff on February 12, 2021.

At the same day when Defendant was informed, not officially in Amended Complaint, that Ms. Zhang joined the lawsuit. Defendant Chu, without any intention to harass but only to confirm friendly, since they were friends for a period time. It is clear that Ms. Zhang herself denied at the phone call on February 12, 2021 that she joined any lawsuit, which leads to more confusion, and the following attempted phone calls.

On February 13, 2021, Plaintiff's counsel filed the amended complaint, Defendant Chu finally confirmed about the new Plaintiff. From then on to today, no contact has been made to Ms. Zhang.

Therefore, Plaintiffs counsel's letter on February 20, 2021 accusing "harassment" and "attempts to sign false affidavits" are accusations without proper investigation. Especially

Plaintiffs' counsel misstated that the conversation of affidavit happened **after** February 12 phone calls, while in fact such conversation happened well before she join the lawsuit and was proper. Plaintiff's counsel is trying to make Defendants look more "eregerous". Also I have noticed that Defendants' counsel does not speak Chinese, then he may possibly misunderstand the "it does not matter" part in the conversation between Mr. Li and Plaintiff Ms. Zhang.

Without proper investigation, Plaintiffs' counsel kept threatening about criminal prosecution, crime, tampering with witness and accusing perjury during correspondence of email. (Ex. 3) Such wording is not only improper but also unethical, even between Counsel's conversation, thus should not be tolerated. The undersigned has acted professionally when addressing newly joined Plaintiff and treated the opposing counsel fairly. (Ex. 1)

While Plaintiff Counsel Mr. Morel claimed the undersigned's "hostility", it may be more proper to investigate the details, the time of accused matters before making any accusations of "criminal charges" or "prosecution." When facing such false allegations, it is unrealistic to expect a victim's counsel to reply as "Ok, I will talk to my clients." Despite the reminders from the undersigned, Plaintiffs' counsel Mr. Morel did not verify the details with his client, especially no private contacts have been made from Defendants in any way after the Amended Complaint was filed. It seems unreasonable that Plaintiff's counsel filed such motion at such time.

Therefore, Plaintiff counsel's motion is made without merits, neither factually, nor legally. Unfortunately, Defendants have to spend addition time and costs to prepare for the motion response. We request respectfully Court deny the motion entirely and award Defendant's attorney fees on such matter.

We appreciate Court's time and attention on this matter.

                                                Very Truly Yours,

                                                */s/ Jiajing Fan*_____
                                                Jiajing Fan, Esq.
                                                Hang & Associates, PLLC

136-20 38th Ave,
Suite 10 G,
Flushing, NY 11354
718-353-8588
Email: jfan@hanglaw.com
*Attorney for Defendants*

All parties are expected to adhere to the New York Rules of Professional Conduct, and the Court takes allegations of violations of these rules very seriously.  However, such allegations must also be supported by a thorough investigation, and counsel on both sides must make efforts to meet and confer to resolve the issue before bringing it to the Court's attention.  To the extent Plaintiff's motion asks for additional relief from the Court, it is DENIED.  Defendants' motion for attorneys' fees is also DENIED.  The Clerk of Court is respectfully directed to terminate docket number 31.

_____
Edgardo Ramos, U.S.D.J
Dated: 3/4/2021
New York, New York