UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIN WANG and YAN QIU ZHANG,<br><br>                                   Plaintiffs,<br><br>                    -against-<br><br>LEO CHULIYA, LTD. et al.,<br><br>                                   Defendants. | Case No. 1:20-cv-10395 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

This Court having held a jury trial from May 14, 2024 to May 20, 2024, IT IS

HEREBY ORDERED that the attached Court Exhibits be filed on the docket.

- Court Exhibit 1: Draft Voir Dire Questionnaire

- Court Exhibit 2: Preliminary Jury Instructions

- Court Exhibit 3: Final Voir Dire Questionnaire

- Court Exhibit 4: Final Verdict Form

- Court Exhibit 5: Draft Jury Instructions

- Court Exhibit 6: Draft Jury Instruction Aid Powerpoint

- Court Exhibit 7: Final Jury Instructions

- Court Exhibit 8: Final Jury Instruction Aid Powerpoint

- Court Exhibit 9: Redacted Completed Jury Verdict Form

Dated: May 21, 2024
       New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                        United States District Judge

Court Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BIN WANG and YAN QIU ZHANG,

                              Plaintiffs,

                  -against-

LEO CHULIYA, LTD, d/b/a Fantasy Cuisine, DUMPLING PLUS CORP., d/b/a Dumpling + Noodle, and AUSTIN CHU, a/k/a Chiahung Chu,

                              Defendants.

---

Case No. 20-cv-10395 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire</u>.  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

## A. <u>General Questions</u>

1.    This trial is expected to end by early next week.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by Monday, May 20, 2024?

2.    Do you have any personal knowledge of the allegations in this case as I have described them?

3.    Have you read or heard anything about this case through the media, the Internet, or any other source?

4.    Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5.    Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6.    Do you have any religious, philosophical, or ethical beliefs that would prevent you from rendering a verdict based on the law and the evidence?

7.   If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B.  Knowledge of People or Places**

8.   The plaintiffs in this case are Bin Wang and Yan Qiu Zhang.  Do you know, or have you had any dealings, directly or indirectly, with either of them?

9.   The plaintiff will be represented at trial by attorneys Aaron Schweitzer, John Troy and Tiffany Troy from the law firm of Troy Law, PLLC?  Do you know these attorneys or this firm?  Have you, or has anyone close to you, ever had any dealings with these attorneys or the firm?

10.  The defendants in this case are Leo Chuliya, Ltd, doing business as Fantasy Cuisine, Dumpling Plus Corporation, doing business as Dumpling + Noodle, and Austin Chui, who is also known as Chiahung Chu.  Do you know, or have you had any dealings, directly or indirectly, with any of these entities or Mr. Chui?  Has anyone close to you ever had any dealings with these entities or Mr. Chui?

11.  The defendants will be represented at trial by Lee Sam Nuwesra of the Law Office of Lee Nuwesra. Do you know this attorney or firm?  Have you, or anyone close to you ever had any dealings with this attorney or his firm?

12.  Do you know me, Judge Rochon, or have you had any prior experience in a case that was before me?

13.  The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

> a. Zhen Yang Li
>
> b. Mr. Wang (from Fantasy Cuisine)
>
> c. Ms. Gui Pin Ma
>
> d. Zuwen Li a/k/a Simon Li
>
> e. Mr. Huang  (from Fantasy Cuisine)
>
> f. Master Chef Chang Qing
>
> g. Ms. Du (from Fantasy Cuisine)
>
> h. Ms. Li (from Fantasy Cuisine)
>
> i. Fantasy Cuisine, restaurant located at 20 N. Central Avenue, Hartsdale, NY
>
> j. Dumpling + Noodle, restaurant located at 26 Palmer Avenue, Bronxville, NY

k. Shanghai Cuisine 33, restaurant located at 57-33 Main Street, Flushing, NY

l. Chang Kang Zhang

m.    Dong Wong Chao (restaurant)

n. Shanghai Tan (restaurant)

o. Nan Xi Nang (restaurant)

p. Tan Jing (from Fantasy Cuisine)

q. Mr. Wu (from Fantasy Cuisine)

r. Ms. Chu (from Fantasy Cuisine)

s. Ms. Wu (from Fantasy Cuisine)

t. Golden Leaf Restaurant

Other than what you have disclosed in response to previous questions, do you know any of these individuals, entities, or places?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals, entities, or places?

## C.  Personal Experiences and Opinions

14.    Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

15.    Have you ever owned your own business?

16.    Have you ever served as a member of a grand jury?

17.    Have you ever served as a juror in any court?

18.    Have you or any member of your family ever been employed by the city, state or federal government?

19.    Have you or anyone close to you ever had a dispute regarding overtime or minimum wage issues with their employer?

20.    Have you ever been party to a lawsuit?

21.    Have you ever worked in a restaurant?

22.    Do you have any difficulty being fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, religion, age, or disability?

23.    Several witnesses will testify in Mandarin Chinese with the aid of a Mandarin-to-English interpreter.  Will this impact your ability to render a fair and impartial verdict?

24.    Do you have strong feelings about people living or working in the United States who do not speak English such that you could not render a fair and impartial verdict in this case?

**D.  Difficulties in Understanding or Serving**

28.    Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

29.    Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

30.    Do you have any difficulty in reading or understanding English?

31.    Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 1**

<u>Questions for Individual Jurors</u>

1. Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5. Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9. Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

Court Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIN WANG and YAN QIU ZHANG,

                   Plaintiffs,

     -against-

LEO CHULIYA, LTD, d/b/a Fantasy Cuisine,
DUMPLING PLUS CORP., d/b/a Dumpling +
Noodle, and AUSTIN CHU, a/k/a Chiahung
Chu,

                 Defendants.

Case No. 20-cv-10395 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## PRELIMINARY JURY INSTRUCTIONS

### 1. Role of Judge and Jury

**A.** Now that you have been sworn, let me give you some instructions about your duties as jurors. In the American system of justice, the judge and the jury have separate roles.

**B.** My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the very end of the trial, although I will give you some, including these, before the end. You **must** take your instructions from the Court — that is, from me —and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think the law should be.

**C.** Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial. You are the only deciders of the fact issues, and your determination of the facts will control.

**D.** Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determination. Those decisions are for you.

**E.** At the conclusion of the case, your job will be to determine whether the plaintiffs have proven their claims against the defendants according to my instructions on the law.

**F.** Some of the evidence in this case is in Mandarin Chinese, and some witnesses may testify in Mandarin.  It will be translated into English for you.  Even if you speak or understand Mandarin or another Chinese dialect, you must accept the English translation provided in Court, as opposed to trying to translate the evidence or testimony on your own.  That a witness is participating with the aid of an interpreter is not evidence of anything, and you are not to draw any negative inferences against the witness or the party because of the witness's use of an interpreter.

## 2.  Order of Trial

**A.** Let me explain how the trial will proceed.

**B.** The first/next step in the trial will be opening statements.  First, counsel for the plaintiffs will make an opening statement, which is simply an outline to help you understand the evidence as it is presented.  Then counsel for the defendants will make an opening statement.  I instruct you, however, that opening statements are not evidence.

**C.** After opening statements, the plaintiffs will present their evidence.  That evidence will consist of the testimony of witnesses as well as documents and exhibits.  The plaintiffs' lawyers will examine the witnesses and then the defendants' lawyers may cross-examine them.  Following the plaintiffs' case, the defendants may present a case and may call additional witnesses.  The plaintiffs' lawyers will have the opportunity to cross-examine any witnesses testifying for the defendants.

**D.** For the efficiency of the trial and convenience of the witnesses, witnesses will generally be called just once whether they are called by the plaintiffs or defendants and both parties will conduct their examination of that witness at that time.  Do not concern yourself with order of the witnesses; you may consider the relevant testimony of all witnesses, regardless of who may have called them.

**E.** After the presentation of evidence is completed, counsel for the parties will deliver their closing arguments to summarize and interpret the evidence.  Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

**F.** Following closing arguments, I will instruct you on the law.  Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

**G.** It is important to remember that this is a civil case.  You may have heard of the "beyond a reasonable doubt" standard in criminal cases.  That requirement does <u>not</u>

apply to a civil case and you should put it entirely out of your mind.  In civil cases, the burden is different and it is called proof by a "preponderance of the evidence."  To establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true.  I will, however, instruct you fully on the burden of proof after all of the evidence has been received.

### 3.    What Is and Isn't Evidence

**A.**  What, then, is evidence?  Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys.  Some of you probably have heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

**B.**  Certain things are not evidence and must not be considered by you.  The following is a list of what is not evidence:

    **i.**  <u>First</u>, statements and questions by any of the attorneys are not evidence.  Nor are statements I make or questions I ask of a witness.  And, as I said a moment ago, opening and closing statements by the parties are not evidence.

    **ii.**  <u>Second</u>, objections to questions are not evidence.  Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.  If an objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

    **iii.**  <u>Third</u>, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

    **iv.**  <u>Fourth</u>, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case based solely on the evidence presented here in the courtroom.

**4.**    **Evaluating the Evidence**

**A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses — that is, how truthful and believable they are.  There is no formula to evaluate evidence.

    **i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives.  Do not leave your common sense outside the courtroom.  The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case.  You can apply the same tests here in this courtroom that you use in your everyday life when judging whether someone is telling you the truth:

        **a.** Did they appear to be telling the truth?

        **b.** Did they have a motive to tell you the truth or to lie?

        **c.** Did they appear to have a good recollection of the events they're describing?

    **ii.** Any test that you apply normally in making assessments of reliability and credibility, you can use here. Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.** The law does not require you to accept all of the evidence admitted at trial.  In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.** It is essential, however, that you keep an open mind until you have heard all of the evidence in the case.  A case can be presented only step by step, witness by witness.

**D.** As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event — or even the same person cross-examined with respect to the event — things may seem very different.  In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

**5.  Rules of Conduct**

**A.** Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

    **i.** <u>First</u>, you must <u>not</u> talk to <u>each other</u> about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict. And why do we have that rule? We have that rule because we know it's human nature, if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other. We don't want you to do that until all the evidence is before you. During deliberations, that's the time to discuss the case. As I have said, keep an open mind until you start your deliberations at the end of the case.

    **ii.** <u>Second</u>, do <u>not</u> communicate with <u>anyone else</u> about this case or with anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. Anyone else includes members of your family and your friends. And no communicating about the case means no communicating on Facebook, Twitter, blogs, whatever. You may tell your family and friends that you are a juror in a criminal case, but please do not tell them anything else about it until you have been discharged by me. Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

    **iii.** <u>Third</u>, do <u>not</u> let anyone talk to <u>you</u> about the case or about anyone who has anything to do with it. If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else. When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

        **a.** To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably

told already, you may not use the cafeteria.  Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

    **iv.** <u>Fourth</u>, do <u>not</u> do any research or any investigation on your own about the case or about anyone who has anything to do with the case.  During the course of the trial, you will receive all the evidence you may properly consider to decide the case.  Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case.

        **a.** Do <u>not</u> engage in any outside reading on this case.

        **b.** Do <u>not</u> attempt to visit any places or restaurants mentioned in the case.

        **c.** Do <u>not</u> use the Internet — Google, Facebook, Twitter, or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, witnesses, or me.

        **d.** Do <u>not</u> do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

        **e.** The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

    **v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

    **vi.** This is a public courtroom.  People can come and go.  It may be that you even know someone who enters this courtroom during this trial. If you do, that's fine. Just let my Deputy know so that I can give you a separate instruction.

## 6.  Notetaking

    **A.** <u>Finally</u>, each of you will be given a notebook and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection.  The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations.   If you do take notes, be aware that note-taking may distract you from

something important that is happening on the witness stand.  Also, if you do take notes, please begin writing on the second page of your legal pad, and please put your juror number on the first page of the pad, so that we can be sure that only you will be making and reviewing the notes that are written in your pad.

**B.**  I want to emphasize that your notes are not to be shared with fellow jurors during deliberations, that the fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations, and that a transcript will be available to all jurors if there is any difficulty remembering the testimony.  If you do take notes, all notes must be left each day in the jury room.  My Deputy will make sure that they are secure.

## 7.  Final Instructions

**A.**  From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you.  So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense.  As I mentioned earlier, they are not being rude — they are simply following my instructions.

**B.**  Now we will begin with the initial stage of the case, which, as I said to you, is opening statements, and we are going to begin with the plaintiffs.  So at this time I am going to ask all of you to give your undivided attention to the lawyers as they make their opening statements.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BIN WANG and YAN QIU ZHANG,

Plaintiffs,

-against-

LEO CHULIYA, LTD, d/b/a Fantasy Cuisine,
DUMPLING PLUS CORP., d/b/a Dumpling +
Noodle, and AUSTIN CHU, a/k/a Chiahung
Chu,

Defendants.

---

Case No. 20-cv-10395 (JLR)

JENNIFER L. ROCHON, United States District Judge:

<u>**QUESTIONS FOR JURORS**</u>

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire</u>. The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

**A. <u>General Questions</u>**

1. This trial is expected to end by early next week. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by Tuesday, May 21, 2024?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet, or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6. Do you have any religious, philosophical, or ethical beliefs that would prevent you from rendering a verdict based on the law and the evidence?

7. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B. <u>Knowledge of People or Places</u>**

8. The plaintiffs in this case are Bin Wang and Yan Qiu Zhang.  Do you know, or have you had any dealings, directly or indirectly, with either of them?

9. The plaintiff will be represented at trial by attorneys Aaron Schweitzer, John Troy and Tiffany Troy from the law firm of Troy Law, PLLC?  Do you know these attorneys or this firm?  Have you, or has anyone close to you, ever had any dealings with these attorneys or the firm?

10. The defendants in this case are Leo Chuliya, Ltd, doing business as Fantasy Cuisine, Dumpling Plus Corporation, doing business as Dumpling + Noodle, and Austin Chui, who is also known as Chiahung Chu.  Do you know, or have you had any dealings, directly or indirectly, with any of these entities or Mr. Chui?  Has anyone close to you ever had any dealings with these entities or Mr. Chui?

11. The defendants will be represented at trial by Lee Sam Nuwesra of the Law Office of Lee Nuwesra. Do you know this attorney or firm?  Have you, or anyone close to you ever had any dealings with this attorney or his firm?

12. Do you know me, Judge Rochon, or have you had any prior experience in a case that was before me?

13. The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

      a. Zhen Yang Li

      b. Mr. Wang (from Fantasy Cuisine)

      c. Ms. Gui Pin Ma

      d. Zuwen Li a/k/a Simon Li

      e. Mr. Huang  (from Fantasy Cuisine)

      f. Master Chef Chang Qing

      g. Ms. Du (from Fantasy Cuisine)

      h. Ms. Li (from Fantasy Cuisine)

      i. Fantasy Cuisine, restaurant located at 20 N. Central Avenue, Hartsdale, NY

      j. Dumpling + Noodle, restaurant located at 26 Palmer Avenue, Bronxville, NY

k. Shanghai Cuisine 33, restaurant located at 57-33 Main Street, Flushing, NY

l. Chang Kang Zhang

m.    Dong Wong Chao (restaurant)

n. Shanghai Tan (restaurant)

o. Nan Xi Nang (restaurant)

p. Tan Jing (from Fantasy Cuisine)

q. Mr. Wu (from Fantasy Cuisine)

r. Ms. Chu (from Fantasy Cuisine)

s. Ms. Wu (from Fantasy Cuisine)

t. Golden Leaf Restaurant

Other than what you have disclosed in response to previous questions, do you know any of these individuals, entities, or places?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals, entities, or places?

## C.  Personal Experiences and Opinions

14.    Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

15.    Have you ever owned your own business?

16.    Have you ever served as a member of a grand jury?

17.    Have you ever served as a juror in any court?

18.    Have you or any member of your family ever been employed by the city, state or federal government?

19.    Have you or anyone close to you ever had a dispute regarding overtime or minimum wage issues with their employer?

20.    Have you ever been party to a lawsuit?

21.    Have you ever worked in a restaurant?

22.    Do you have any difficulty being fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, religion, age, or disability?

23.   Several witnesses will testify in Mandarin Chinese with the aid of a Mandarin-to-English interpreter.  Will this impact your ability to render a fair and impartial verdict?

24.   Do you have strong feelings about people living or working in the United States who do not speak English such that you could not render a fair and impartial verdict in this case?

**D.  <u>Difficulties in Understanding or Serving</u>**

25.   Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

26.   Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

27.   Do you have any difficulty in reading or understanding English?

28.   Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

<u>Questions for Individual Jurors</u>

1.   Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2.   How old are you?

3.   Do you rent or own your home?

4.   How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5.   Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6.   How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.   Who are the members of your household and for whom do they work?

8.   If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9.   Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10.  Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

**Court Exhibit 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIN WANG and YAN QIU ZHANG,

                          Plaintiffs,

          -against-

LEO CHULIYA, LTD d/b/a Fantasy Cuisine,
DUMPLING PLUS CORP. d/b/a Dumpling +
Noodle, and AUSTIN CHU a/k/a Auston Chu
a/k/a Chiahung Chu a/k/a Chia-Hung Chu a/k/a
Chia Hung Chu,

                          Defendants.

Case No. 20-cv-10395 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## **VERDICT FORM**

**Court Exhibit 4**

**All Jurors must agree unanimously to the answers to each question. Please follow the directions in the jury form closely and move through the form in the order that the questions are asked.**

**<u>Employer Status</u>**

1. Did each Plaintiff prove by a preponderance of the evidence that Dumpling Plus Corp. was their "employer," either directly, as a joint employer, or as part of a "single integrated enterprise?"

    a.   Bin Wang:

    Yes: _____          No:    _____

    b.   Yan Qiu Zhang:

    Yes: _____          No:    _____

**<u>Exemptions</u>**

2. Did Bin Wang's employer(s) prove, by a preponderance of the evidence, that he was exempt from receiving overtime as a creative professional?

    Yes:   _____      No:   _____

3. Did Yan Qiu Zhang's employer(s) prove, by a preponderance of the evidence, that she was exempt from receiving overtime as an executive employee under the FLSA?

    Yes:   _____      No:   _____

4. Did Yan Qiu Zhang's employer(s) prove, by a preponderance of the evidence, that she was exempt from receiving overtime as an executive employee under the New York Labor Law?

    Yes:   _____      No:   _____

*If you answered "YES" to <u>ALL</u> of Questions 2 through 4, your deliberations have concluded and your foreperson should sign the verdict sheet and alert the Marshal.*

*If you answered "YES" to Question 2, do not answer the portions of Questions 5 through 20 that deal with Plaintiff Bin Wang.*

*If you answered "YES" to <u>BOTH</u> Questions 3 and 4, do not answer the portions of Questions 5 through 20 that deal with Plaintiff Yan Qui Zhang.*

*If you answered "NO" to <u>at least one</u> of Questions 2 through 4, please proceed to Question 5 and proceed through the questionnaire in accordance with the foregoing and further instructions.*

## Employment Dates and Rates of Pay

5.  Set forth the dates, if any, that you find Plaintiffs' employments started and ended for each Employer: Leo Chuliya, Ltd.; Austin Chu; and (if you answered "Yes" in response to Question 1) Dumpling Plus Corp.  If you find that a Plaintiff had more than one term of employment, set forth the start and end date of each term of employment.  <u>Note</u>: you need not use each provided space.

| a. Bin Wang: | | | | |
|---|---|---|---|---|
| Leo Chuliya, Ltd. | Start: _____ | End: _____ |
| | Start: _____ | End: _____ |
| | Start: _____ | End: _____ |
| Austin Chu | Start: _____ | End: _____ |
| | Start: _____ | End: _____ |
| | Start: _____ | End: _____ |
| Dumpling Plus Corp (only if you answered YES to Q.1) | Start: _____ | End: _____ |
| | Start: _____ | End: _____ |
| | Start: _____ | End: _____ |

**Court Exhibit 4**

| **b. Yan Qiu Zhang:** | | | | |
|---|---|---|---|---|
| Leo Chuliya, Ltd. | Start: _____ | | End: _____ | |
| | Start: _____ | | End: _____ | |
| | Start: _____ | | End: _____ | |
| Austin Chu | Start: _____ | | End: _____ | |
| | Start: _____ | | End: _____ | |
| | Start: _____ | | End: _____ | |
| Dumpling Plus Corp (only if you answered YES to Q.1) | Start: _____ | | End: _____ | |
| | Start: _____ | | End: _____ | |
| | Start: _____ | | End: _____ | |

6. How many "compensable hours" do you find that each Plaintiff worked per week? If the number of hours per week changed, please note when it changed and what it changed to:

    a. Bin Wang:

 

 

 

    b. Yan Qiu Zhang:

 

 

 

***If you found in response to Questions 6(a) and 6(b) that <u>at no point</u> did any Plaintiff work more than forty hours per week, do not answer Questions 7 through 11, and instead proceed to Question 12.***

***If you found that any Plaintiff worked more than forty hours per week <u>at any point</u>, please proceed to Question 7 and answer with respect to that Plaintiff.***

7. Indicate the dollar amount and time unit (*e.g.*, per hour, per day, per week, per two weeks, per half-month, per month, or per year) that each Plaintiff was paid for each period of employment that you found in response to Question 5. <u>Note</u>: you need not use each provided space.

    a. Bin Wang:

Period:_____     $:_____     per: _____ (time unit)

Period:_____     $:_____     per: _____ (time unit)

Period:_____     $:_____     per: _____ (time unit)

Period:_____     $:_____     per: _____ (time unit)

Period:_____     $:_____     per: _____ (time unit)

Period:_____     $:_____     per: _____ (time unit)

Period:_____     $:_____     per: _____ (time unit)

**Court Exhibit 4**

b. Yan Qiu Zhang:

Period:_____    $:_____    per: _____ (time unit)

Period:_____    $:_____    per: _____ (time unit)

Period:_____    $:_____    per: _____ (time unit)

Period:_____    $:_____    per: _____ (time unit)

Period:_____    $:_____    per: _____ (time unit)

Period:_____    $:_____    per: _____ (time unit)

Period:_____    $:_____    per: _____ (time unit)

8.  For each period of employment that you found above, what do you find was each Plaintiff's "regular rate of pay" under the FLSA?  Note: you need not use each provided space.

a. Bin Wang:

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

b. Yan Qiu Zhang:

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

Period:_____    $:_____    per hour

9. For each period of employment that you found above, what do you find was each Plaintiff's "regular rate of pay" under the New York Labor Law?  <u>Note</u>: you need not use each provided space.

    a. Bin Wang:

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

    b. Yan Qiu Zhang:

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

        Period:_____      $:_____    per hour

10. Was each Plaintiff paid at least 1.5 (one and a half) times <u>the greater of</u> (i) the minimum wage or (ii) their "regular rate of pay" under NYLL for each overtime hour worked, if any?

    a. Bin Wang:      Yes: _____      No: _____

    b. Yan Qui Zhang:      Yes: _____      No: _____

***If you answered "YES" to both Questions 10(a) and 10(b), do not answer Question 11, but instead proceed to Question 12.***

***If you answered "NO" to at least one of Questions 10(a) or 10(b), please proceed to Question 11 with respect to that Plaintiff.***

11. To the extent Defendant(s) failed to pay Plaintiff(s) adequate "overtime wages," did any Defendant nevertheless act in "good faith?"   <u>Note</u>: you need only provide responses for Dumpling Plus Corp. if you found it to be a Plaintiff(s)'s employer in Question 1.

   a. With respect to Bin Wang:

   | | | | | |
   |---|---|---|---|---|
   | Leo Chuliya, Ltd. | Yes: | _____ | No: | _____ |
   | Dumpling Plus Corp. | Yes: | _____ | No: | _____ |
   | Austin Chu | Yes: | _____ | No: | _____ |

   b. With respect to Yan Qiu Zhang:

   | | | | | |
   |---|---|---|---|---|
   | Leo Chuliya, Ltd. | Yes: | _____ | No: | _____ |
   | Dumpling Plus Corp. | Yes: | _____ | No: | _____ |
   | Austin Chu | Yes: | _____ | No: | _____ |

**<u>Spread of Hours</u>**

12. Indicate the number of days per week you find that Plaintiffs' "spreads of hours" exceeded ten hours.  If the number of days per week changed, please note when it changed and what it changed to:

   a. Bin Wang:

   _____

   _____

   _____

   b. Yan Qiu Zhang:

   _____

   _____

   _____

**Court Exhibit 4**

13.  Was each Plaintiff paid at least one additional hour's pay at the applicable New York minimum wage for each day their "spread of hours" exceeded ten hours, if any?

    a.  Bin Wang:        Yes: _____       No: _____

    b.  Yan Qui Zhang:    Yes: _____       No: _____

***If you answered "YES" to both Questions 13(a) and 13(b), do not answer Question 14, but instead proceed to Question 15.***

***If you answered "NO" to at least one of Questions 13(a) or 13(b), please proceed to Question 14 and answer with respect to the Plaintiff(s) to whom you answered "NO".***

14.  To the extent Defendant(s) failed to pay Plaintiff(s) adequate "spread of hours wages," did any Defendant nevertheless act in "good faith?"   <u>Note</u>: you need only provide responses for Dumpling Plus Corp. if you found it to be a Plaintiff's employer in Question 1.

    a.  With respect to Bin Wang:

            Leo Chuliya, Ltd.    Yes: _____     No: _____

            Dumpling Plus Corp. Yes: _____     No: _____

            Austin Chu        Yes: _____     No: _____

    b.  With respect to Yan Qiu Zhang:

            Leo Chuliya, Ltd.    Yes: _____     No: _____

            Dumpling Plus Corp. Yes: _____     No: _____

            Austin Chu        Yes: _____     No: _____

**Court Exhibit 4**

**<u>Wage Notice</u>**

15. Was each Plaintiff provided by their employer(s) a written notice containing their rates of pay and the bases thereof, allowances claimed as part of the minimum wage, regular pay day, employer's name and "doing business as" name, employer's physical and mailing address, and employer's telephone number, in English and in Chinese?

    a.  Bin Wang:             Yes: _____        No: _____

    b.  Yan Qui Zhang:      Yes: _____        No: _____

***If you answered "YES" to both Questions 15(a) and 15(b), do not answer Questions 16 or 17, but instead proceed to Question 18.***

***If you answered "NO" for at least one of Questions 15(a) or 15(b), please proceed to Questions 16 and 17 and answer with respect to the Plaintiff(s) to whom you answered "NO".***

16. How many work days elapsed between the start of Plaintiffs' employments and their receiving a written notice containing their rates of pay and the bases thereof, allowances claimed as part of the minimum wage, regular pay day, employer's name and "doing business as" name, employer's physical and mailing address, and employer's telephone number, in English and in Chinese?

    a.  Bin Wang:         _____

    b.  Yan Qui Zhang:    _____

17. To the extent Defendant(s) failed to provide Plaintiff(s) with wage notices, did any Defendant nevertheless act in "good faith?"  <u>Note</u>: you need only provide responses for Dumpling Plus Corp. if you found it to be a Plaintiff's employer in Question 1.

    a.  With respect to Bin Wang:

| | | | | |
|---|---|---|---|---|
| Leo Chuliya, Ltd. | Yes: _____ | | No: _____ |
| Dumpling Plus Corp. | Yes: _____ | | No: _____ |
| Austin Chu | Yes: _____ | | No: _____ |

    b.  With respect to Yan Qiu Zhang:

| | | | | |
|---|---|---|---|---|
| Leo Chuliya, Ltd. | Yes: _____ | | No: _____ |
| Dumpling Plus Corp. | Yes: _____ | | No: _____ |
| Austin Chu | Yes: _____ | | No: _____ |

**Court Exhibit 4**

### Wage Statements

18. Was each Plaintiff provided by their employer(s) statements with each payment of wages listing the pay period, employee's name, employer's name, employer's address and telephone number, rate of pay and basis thereof, allowances claimed as part of the minimum wage, and net wages?

    a.  Bin Wang:          Yes: _____         No: _____

    b.  Yan Qui Zhang:    Yes: _____         No: _____

***If you answered "YES" to both Questions 18(a) and 18(b), do not answer Questions 19 or 20, but instead proceed to Question 21.***

***If you answered "NO" for at least one of Questions 18(a) or 18(b), please proceed to Question 19 and 20 and answer with respect to the Plaintiff(s) to whom you answered "NO".***

19. Set forth the period or periods during which Plaintiffs were not given written wage statements when they are were paid?  <u>Note</u>: you need not use each provided space.

    a. Bin Wang:

        From  _____   to   _____

        From  _____   to   _____

        From  _____   to   _____

    b. Yan Qiu Zhang:

        From  _____   to   _____

        From  _____   to   _____

        From  _____   to   _____

20. To the extent Defendant(s) failed to provide Plaintiff(s) with wage statements, did any Defendant nevertheless act in "good faith?"  <u>Note</u>: you need only provide responses for Dumpling Plus Corp. if you found it to be a Plaintiff's employer in Question 1.

    a.  With respect to Bin Wang:

               Leo Chuliya, Ltd.    Yes: _____      No: _____

               Dumpling Plus Corp.  Yes: _____      No: _____

               Austin Chu         Yes: _____      No: _____

**Court Exhibit 4**

    b.   With respect to Yan Qiu Zhang:

|                     |      |      |     |      |
|---------------------|------|------|-----|------|
| Leo Chuliya, Ltd.   | Yes: | _____ | No: | _____ |
| Dumpling Plus Corp. | Yes: | _____ | No: | _____ |
| Austin Chu          | Yes: | _____ | No: | _____ |


**<u>Defendants' Counterclaim</u>**

21.  <u>Only if you answered NO to Question 2</u>, please answer the following question: Did Defendants prove by a preponderance of the evidence that Plaintiff Yan Qiu Zhang was Plaintiff Bin Wang's employer, from September 2019 to March 2020?

        Yes:   _____      No:   _____

*(Please proceed to the last page, page 12)*

**Court Exhibit 4**

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson, if everyone is in agreement with the answers to the questions, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____
Foreperson


Dated: _____

**Court Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIN WANG and YAN QIU ZHANG, | |
| Plaintiffs, | |
| -against- | |
| LEO CHULIYA, LTD, d/b/a Fantasy Cuisine, DUMPLING PLUS CORP., d/b/a Dumpling + Noodle, and AUSTIN CHU, a/k/a Chiahung Chu, | Case No. 20-cv-10395 (JLR) |
| Defendants. | |

JENNIFER L. ROCHON, United States District Judge:

## **JURY INSTRUCTIONS**

# TABLE OF CONTENTS

I.   GENERAL INSTRUCTIONS .................................................................................. 1

    A.   Introductory Remarks ........................................................................... 1

    B.   Role of the Court ................................................................................... 1

    C.   Role of the Jury .................................................................................... 2

    D.   Role of Counsel .................................................................................... 2

    E.   Sympathy or Bias ................................................................................. 3

    F.   Burden of Proof .................................................................................... 4

    G.   What Is and Is Not Evidence ................................................................ 5

    H.   Direct and Circumstantial Evidence .................................................... 6

    I.   Witness Credibility .............................................................................. 8

    J.   Prior Inconsistent Statement ............................................................... 9

    K.   Stipulations ......................................................................................... 10

    L.   Available Evidence ............................................................................. 10

    M.   Multiple Claims and Multiple Parties ............................................... 11

    N.   Translators .......................................................................................... 11

II.   SUBSTANTIVE INSTRUCTIONS .................................................................... 11

    A.   Summary of the Claims and Counterclaim ........................................ 11

    B.   Substantive Law – Employer Status .................................................. 13

    C.   Substantive Law – Exemptions .......................................................... 16

    D.   Substantive Law – Duration of Plaintiffs' Employments ................... 18

    E.   Substantive Law – Count 1 – Overtime Claims ................................. 19

    F.   Substantive Law – Count 2 – Spread of Hours .................................. 27

    G.   Substantive Law – Count 3 – Wage Notices ..................................... 28

    H.   Substantive Law – Count 4 – Wage Statements ................................ 29

    I.   Substantive Law – Good Faith ........................................................... 31

    J.   Defendants' Counterclaim .................................................................. 32

III.   DELIBERATIONS OF THE JURY .................................................................... 32

    A.   Selection and Duties of Foreperson ................................................... 32

    B.   Right to See Exhibits and Hear Testimony; Communication with the Court ....... 33

    C.   Notes ................................................................................................... 33

    D.   Duty to Deliberate; Unanimous Verdict ............................................ 34

    E.   Verdict Form ....................................................................................... 35

    F.   Return of Verdict ................................................................................ 35

IV.    CONCLUSION...................................................................................................................... 35

# I.   GENERAL INSTRUCTIONS

## A.   Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask for your patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedures and deliberations.

## B.   Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to

legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law. Do not speculate on matters not in evidence or outside of the case.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

2

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against the attorney or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing called sidebars. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.      Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial.  Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, gender presentation, disability, health conditions, or physical appearance of any party, witness, or lawyer.  It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way.  The parties in this case are entitled to a trial free from prejudice and bias.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

The case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All parties are entitled to the same fair trial by you.  They stand equal before the law, and are to be dealt with as equals in this Court.

F.      **Burden of Proof**

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.  As this is a civil case, the standard of proof is a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence.  If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with

this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

I will review this more comprehensively as I describe the claims and counterclaim in this case but briefly, the Plaintiffs have the burden of proving by a preponderance of the evidence each and every disputed element of their claims.  Defendants have raised a counterclaim.  Just like the Plaintiffs, the Defendants have the burden of proving each and every element of their counterclaim.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.     What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection. Some exhibits have redactions on them, or places

where the text has been blocked out.  You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### H.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not

look outside.  As you were sitting here, someone walked in with an umbrella, that was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The Plaintiffs ask you to draw one set of inferences.  The Defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point:  when you are determining issues of fact, you are weighing the evidence.  You determine whether evidence should be given no weight, some weight, or a lot of weight.  The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

## I.     Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.  Often it is not what a person says but how he or she says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony.  You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case.  Likewise, you should note any evidence of hostility or affection that the

witness may have towards one of the parties.  Such bias or interest in the outcome creates a motive to testify falsely.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony that you find credible or that you may find corroborated by other evidence in this case.  A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you?  It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

### J.    Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier occasions that counsel argue are inconsistent with their trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of any such prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a witness made an earlier statement that

conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### K.  Stipulations

A stipulation of facts is an agreement among the parties that certain facts are true.  The parties entered into a stipulation that was admitted into evidence and there were certain facts that were stipulated to by the parties during the trial.  You must regard such agreed facts in the stipulation as true.

### L.  Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witness would have said if the witness had been called.  The absence of any witness should not affect your judgment in any way.

10

**M.**     **Multiple Claims and Multiple Parties**

This claim has more than one Plaintiff, and more than one Defendant, as well as multiple claims.  In reaching a verdict, you must bear in mind that the claims against each party are to be considered separately, solely on the evidence or lack of evidence, presented against that party without regard to the liability of any other party.

**N.**     **Translators**

During this trial, some of the witnesses have testified in Mandarin Chinese with the assistance of a certified interpreter.  You are to consider only that evidence that was provided through the interpreter.  It is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the official English translation and disregard any different meaning, even if you otherwise understand Mandarin Chinese.

## II.     SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

**A.**     **Summary of the Claims and Counterclaim**

The Plaintiffs in this case—the parties who brought the lawsuit— are Bin Wang and Yan Qiu Zhang.  The defendants are Leo Chuliya, Limited, doing business as Fantasy Cuisine, Dumpling Plus Corporation, doing business as Dumpling+Noodle, and Austin Chu, also known as Chiahung Chu.

Plaintiffs bring this action under the federal Fair Labor Standards Act, otherwise known as the "FLSA," and the New York State Labor Law, also known as the "NYLL."  I instruct you, based on the parties' stipulation, that at all relevant times, Leo Chuliya, Ltd. and Dumpling Plus Corp. were, and are, enterprises engaged in commerce within the meaning of the FLSA.

11

The FLSA and the New York Labor Law are similar in many respects, so I will discuss these laws separately only when the differences between them are relevant to the findings you must make.

Plaintiffs have brought four categories of claims, each of which I will now briefly summarize for you.  Later I will explain the law as to each claim in more detail.

First, the Plaintiffs contend that the Defendants violated the FLSA and the New York Labor Law by failing to pay them so-called "overtime wages," which are wages equal to one and one-half times their regular hourly wages, for all hours that they worked in excess of forty hours in any single week.  I will refer to these claims as the "Overtime Claims."  I will instruct you on how to arrive at that number in making your calculations.

Second, the Plaintiffs contend that the Defendants violated the New York Labor Law by failing to pay them so-called "spread of hours wages," which are an extra hour of pay at the minimum wage rate for days that the interval between the beginning and end of each Plaintiff's workday, the so-called "spread of hours," exceeded ten hours—even if there were breaks in the middle of the workday.  I will refer to these claims as the "Spread of Hours Claims."  It is up to you to make this assessment based on all the evidence presented in this trial.

Third, the Plaintiffs contend that Defendants violated the New York Labor Law by failing to provide them with written notices containing their rates of pay and the bases thereof, allowances claimed as part of the minimum wage, regular pay day, employer's name and "doing business as" name, employer's physical and mailing address, and employer's telephone number, in English and in Chinese, at the times Plaintiffs were hired.   I will refer to these claims as the "Wage Notice Claims."

12

Fourth, the Plaintiffs contend that Defendants violated the New York Labor Law by failing to provide Plaintiffs with statements with each payment of wages listing the pay period, employee's name, employer's name, employer's address and telephone number, rate of pay and basis thereof, allowances claimed as part of the minimum wage, and net wages.  I will refer to these claims as the "Wage Statements Claims."

Defendants have brought a counterclaim against Plaintiff Yan Qiu Zhang alleging that she was a co-employer with Defendants of Plaintiff Bin Wang under the FLSA from September 2019 to March 2020.  Later I will explain the law as to this counterclaim in more detail.

In reaching a verdict, you must bear in mind that the Plaintiffs have the burden of proof regarding their Overtime Claims, Spread of Hours Claims, Wage Notice Claims, and Wage Statements Claims by a preponderance of the evidence, and the Defendants bear the burden of proof of their counterclaim against Plaintiff Yan Qiu Zhang by a preponderance of the evidence, unless I instruct you otherwise.   To meet that burden, the parties may rely on all of the evidence received at trial, regardless of which side presented it.

At the conclusion of my instructions, you will be given a verdict form with questions you must answer regarding the claims.

**B.    Substantive Law – Employer Status**

In order for a Defendant to be liable to a Plaintiff, the Defendant must have been the Plaintiff's "employer."  It is possible that an employee can have more than one employer at the same job.  If a Plaintiff can be said to have more than one employer at the same job, he is what is called "jointly employed."  Defendants concede that Leo Chuliya, Ltd. d/b/a as Fantasy Cuisine and Austin Chu were Plaintiffs' employers during their tenure at Fantasy Cuisine.

13

However, they deny that Dumpling Plus Corp. d/b/a as Dumpling Plus Noodle was Plaintiffs' employer.

To determine whether a Defendant was a Plaintiff's employer, you will need to examine whether that Defendant possessed the power to control the Plaintiff as an employee. An employee may have a single employer or may have multiple employers. An employer may be an employer even if his, her, or its control over the employee is restricted, indirect, or only occasional. You should consider the totality of the circumstances that constitute the economic reality of the employer-employee relationship. The focus is on the economic reality of the situation rather than technical concepts or job titles. You may consider several factors in determining whether a Defendant was a Plaintiff's employer. No single factor is controlling, and you must make your decision based on the totality of the circumstances.

Relevant factors as to whether an employment relationship existed include whether a Defendant: (1) had the power to hire or fire the Plaintiff; (2) supervised or controlled the Plaintiff's work schedule or conditions of employment; (3) determined the Plaintiff's rate and method of payment; and (4) maintained the Plaintiff's employment records. Factors relevant to a joint employment inquiry include: (1) whether Plaintiff performed a discrete line job forming an integral part of a process of production integrated between alleged joint employers; (2) whether the alleged joint employer's premises and equipment were used for Plaintiff's work; (3) the extent of Plaintiff's work for the alleged joint employer; (4) the permanence or duration of the working relationship between the workers and the alleged joint employer; and (5) the degree of control exercised by the alleged joint employer over the Plaintiff.

The factors I have just listed are not exhaustive. You may determine that a Defendant employed a Plaintiff without finding that any of these factors has been met. You may also

consider any other factors that you think are relevant to determining whether a Defendant had the power to control the means and manner of a Plaintiff's employment.

An employee, who is technically employed on the books of one entity, which is deemed to be part of a larger "single integrated enterprise," may establish liability for violations of the FLSA and New York Labor Law not only on his nominal employer but also on other entities composing part of the "single integrated enterprise."

Two entities may be treated as an employee's single employer either in the case of parent and wholly-owned subsidiary entities, or in the case of separate entities under common ownership and management.  Whether a group of entities qualifies as a single integrated enterprise turns on four factors: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.  Although no one factor is dispositive, control of labor relations is the central concern.

Each Plaintiff has the burden to prove by a preponderance of the evidence that each Defendant, whether that Defendant is a natural person or a corporation, was that Plaintiff's employer.  The parties have stipulated that Leo Chuliya, Ltd. and Austin Chu were Plaintiffs' employers.  It remains for you to find whether or not Dumpling Plus Corp. was Plaintiffs' employer.  As I will discuss more later, for purposes of the Defendants' counterclaim, you will also be determining whether Plaintiff Yan Qiu Zhang was Plaintiff Bin Wang's employer.

If, after consideration of all the evidence, you determine that a Plaintiff has proven, by a preponderance of the evidence, that Dumpling Plus Corp. was, at some point, their employer, then you must check the "Yes" on Question 1 of the verdict form.  If after consideration of all the evidence you determine that a Plaintiff has not proven, by a preponderance of the evidence,

that Dumpling Plus Corp. was, at some point, their employer, then you must check "No" on

Question 1 of the verdict form.

### C.     Substantive Law – Exemptions

Both the FLSA and NYLL exempt from their protections some employees who work in

a bona fide executive capacity, or as creative professionals, from the requirements to pay

overtime or spread of hours wages, and the requirements to be provided wage notices and wage

statements.

In this case, the parties dispute whether Plaintiff Bin Wang was an exempt creative

professional, and/or whether Plaintiff Yan Qiu Zhang was an exempt executive employee, at

various times of their tenure at Fantasy Cuisine.  Defendants claim that they were.

It is the employer's burden to prove, by a preponderance of the evidence, that a given

employee was an exempt creative professional.  To qualify as a creative professional, an

employee's primary duty must be the performance of work requiring invention, imagination,

originality, or talent in a recognized field of artistic or creative endeavor, as opposed to work

that primarily depends on intelligence, diligence, and accuracy.  The employee's title does not

dispose of the question of whether they were exempt—what matters is what the employee's

primary duties actually were.  For example, an employee with the title "chef" may or may not

qualify as a creative professional.  A chef whose primary duty requires invention, imagination,

originality, or talent, such as that involved in regularly creating recipes or designing unique

dishes and menu items may be a creative professional; a chef whose primary duty consists of

following recipes created by others, or cooking standard dishes and menu items, may not be a

creative professional.  It is up to you to decide, in response to Question 2 of your verdict form,

whether Plaintiff Bin Wang was, or was not, an exempt creative professional according to this

standard.

16

It is likewise the employer's burden to prove, by a preponderance of the evidence, that a given employee was an exempt executive employee. Under the FLSA, an employee must meet all of the following tests to qualify for the executive employee exemption: (1) the employee must be compensated on a salary basis at a rate of not less than $684.00 per week; (2) the employee must have a primary duty of managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise; (3) the employee must customarily and regularly direct the work of at least two or more other employees; (4) the employee must have the authority to hire or fire employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight.

Under the New York Labor Law, an employee must meet all of the following tests to qualify for the executive employee exemption: (1) the employee must be paid a flat weekly, bi-weekly, semi-monthly, monthly, or annual salary, that did not vary from pay period to pay period, equal to or greater than a certain salary theshold; (2) the employee must have a primary duty of managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise; (3) the employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; (4) the employee must have the authority to hire or fire employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight; and (5) the employee must customarily and regularly exercise discretionary powers.

The New York Labor Law's salary thresholds are as follows:

• $656.25 per week from December 31, 2014 through December 30, 2015;

17

• $675.00 per week from December 31, 2015 through December 30, 2016;

• $750.00 per week from December 31, 2016 through December 30, 2017;

• $825.00 per week from December 31, 2017 through December 30, 2018;

• $900.00 per week from December 31, 2018 through December 30, 2019; and

• $975.00 per week on and after December 31, 2019.

Questions 3 and 4 of your verdict form ask you to find whether Yan Qiu Zhang's employers proved that she was an exempt executive employee, under the FLSA and New York Labor Law respectively.

If you find that a Plaintiff was an exempt employee, you will not be considering the rest of these instructions for that Plaintiff.

### D.    Substantive Law – Duration of Plaintiffs' Employments

If you find that any of the Defendants was a Plaintiff's employer, you will next need to determine the time period, if any, over which that Plaintiff was employed by each Defendant which was that Plaintiff's employer.  It is the Plaintiff's burden to prove, by a preponderance of the evidence, the duration of their employment.  It is up to you to decide this factual issue.  The parties have stipulated that Leo Chuliya, Ltd. and Austin Chu were Plaintiffs' employers.  You will have found whether Dumpling Plus Corp. was or was not each Plaintiff's employer in your responses to Question 1.

To meet their burden of proving the duration of their employment, Plaintiffs may rely on all of the evidence received at trial, regardless of which side presented it.  However, if you find that a Plaintiff's employer did not keep or maintain accurate employment records, then that Plaintiff can meet their burden by presenting sufficient evidence to show the duration of their employment as a matter of just and reasonable inference.  A Plaintiff may meet this burden by relying on their recollection alone.  The law does not require a plaintiff to recall

exact dates.  You should find that a Plaintiff met their burden of proof as to the period of their employment if you find their testimony to be credible and to provide a basis for a reasonable approximation of the period during which they were employed.

If you find that a Plaintiff has met that burden, then that Plaintiff's employer has the burden to show either the precise period of that Plaintiff's employment, or that the Plaintiff's approximation of the period of their employment is unreasonable.  Accordingly, if you find that an employer does not have evidence of the precise dates of a Plaintiff's employment, it then becomes the employer's burden to produce evidence to negate the Plaintiff's recollection of the period of their employment.  If you find an employer has met its burden of proving that a Plaintiff's approximation is unreasonable, then you may find the Plaintiff was employed during the period the employer claims.  If, however, you find that the employer did not meet their burden, then you should approximate the Plaintiff's period of employment based on your evaluation of Plaintiff's testimony.

Ultimately, it is up to you to draw a reasonable conclusion as to the period, if any, during which each Plaintiff was employed by each of the Defendants you found to be their employer.

Question 5 on the verdict form asks you to state the duration of each Plaintiff's employment by each Defendant, if any.  Space is provided to list multiple terms of employment, should you find that Plaintiff's employment was broken up into multiple terms. However, you need not use each space provided.

### E.    Substantive Law – Count 1 – Overtime Claims

To prevail on their Overtime Claims, Plaintiffs must prove by a preponderance of the evidence that Defendants failed to pay them overtime when appropriate.

A Plaintiff is entitled to overtime pay if they worked more than 40 hours in a week. Any hours that a Plaintiff worked in excess of 40 in a single week are called "overtime hours." Because the parties dispute whether Plaintiffs worked overtime hours, you must determine how many hours Plaintiff worked per week. An employee is considered to be working for purposes of these claims whenever they exert themselves, mentally or physically, for tasks controlled or required by the employer and performs these tasks primarily for the benefit of the employer. You must decide how many hours each Plaintiff worked each day, how many days that Plaintiff worked each week, and the number of hours that Plaintiff worked each week.

The number of hours an employee works in a day is determined under what is called the "continuous workday" rule. Under that rule, the workday begins when the employee begins to engage in work and continues until the completion of their work. It includes all of the time within that period whether or not the employee is engaged in work throughout the entire period.

There is, however, an exception to this rule for meal periods and for periods longer than thirty minutes if the employee is completely relieved from duty. I will refer to those periods as "non-compensable breaks" because those periods are not compensable work time. It is the Defendants' burden to prove that a break was a non-compensable break. The Defendants must do so by a preponderance of the evidence. A non-compensable break must last at least thirty minutes. In contrast, short periods away from work, commonly known as break periods or coffee breaks, are compensable work time.

To qualify as a non-compensable break, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during the period at issue the employee's time and

attention are primarily occupied by private or personal pursuits, such as relaxing or eating, then the employee is relieved from duty.  On the other hand, if during the periods at issue, the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably spending the break, then the employee has not been relieved from duty.  Whether the time was spent predominantly for the employee's or the employer's benefit depends on all the facts and circumstances of the case.

In order to determine the number of hours worked, you must determine whether the Defendants have demonstrated a Plaintiff took non-compensable breaks.  If you find that a Plaintiff did take non-compensable breaks, then the length of those breaks must not be counted as working time when determining the total number of hours Plaintiff worked on a particular day.  In other words, a Plaintiff's "compensable hours" are the number of hours they worked minus any non-compensable breaks.

With respect to this issue, as with the period of a Plaintiff's employment, a Plaintiff may rely on all the evidence received at trial, regardless of which side presented it.  However, if you find that the Defendants did not keep and maintain accurate time records then a Plaintiff can meet this burden by presenting sufficient evidence to show the hours he or she worked as a matter of just and reasonable inference.  A Plaintiff may meet this burden by relying on their recollections alone.  The law does not require a Plaintiff to recall exact dates or exact hours.  You should find that a Plaintiff met this burden of proof as to the length of shifts if you find their testimony to be credible and that it provides a basis for a reasonable approximation of the total number of hours they worked.

If you find that a Plaintiff has met that burden, then the Defendants have the burden to show either the precise hours that the Plaintiff worked or that the Plaintiff's approximations of

hours worked are unreasonable.  If you find the Defendants have met their burden of proving a Plaintiff's approximations are unreasonable, then you may find that the Plaintiff worked the period the Defendants claim.  If, however, you find that the Defendants did not meet their burden then you should approximate the Plaintiff's hours based on your evaluation of the evidence in the case, including Plaintiff's testimony.

Ultimately, it is up to you to draw a reasonable conclusion as to the number of hours Plaintiffs worked per week and enter that information on your verdict form under Question 6.

You will consider the issue of overtime only if you determined that Plaintiffs worked more than 40 hours in a given week.  If you find Plaintiffs never worked more than 40 hours in a given week, then no overtime needs to be calculated and you will leave Questions 7 through 11 on your verdict form blank.

After determining how many hours the Plaintiffs worked, if any, the next issue you must determine is how much the Plaintiffs were paid per hour—which I will refer to as their "Regular Rates of Pay."

Again, as with duration of employment and hours worked, you may consider all of the evidence received at trial when you determine the Plaintiffs' Regular Rates of Pay.  However, if you find that the Defendants did not keep and maintain accurate pay records, then the Plaintiffs can meet their burden by presenting sufficient evidence to show the amounts they were paid as a matter of just and reasonable inference.  That means Plaintiffs may rely on their own testimony regarding their recollections of what they were paid.  You should find they met their burden of proof if you find their testimony is credible and provides a basis for a reasonable approximation of the wages they were paid.  If you find that a Plaintiff has satisfied

this burden, then the Defendants have the burden to show that any inferences drawn from a Plaintiff's testimony are unreasonable.

Before you determine Plaintiffs' Regular Rate of Pay, you must first determine whether each Plaintiff was paid on an hourly basis, or if they were paid a salary or a flat rate for an agreed upon period of time. If you find that a Plaintiff was paid at an hourly rate, then the rate at which the Plaintiff was paid per hour is their Regular Rate of Pay, and your answers to Questions 7 and 8 will be the same, both in the form of "[some number of] dollars per hour." However, if you determine that a Plaintiff was paid a salary or flat amount to cover an agreed-upon period of time—for example, a flat weekly rate, or a flat monthly rate—you will need to do a little math to find their hourly "Regular Rate of Pay." Let me explain the math and I will also use a powerpoint to highlight what I am saying to make the math a bit more engaging. As a reminder, you will only be considering these calculations for a Plaintiff if you find that the Plaintiff is not an exempt employee.

First, you will fill out Question 7 in the form of "[some number of] dollars per [some unit time]." Then, you will convert the rate you found into a weekly rate, as follows: multiply the rate you found by the number of time units per year, then divide the result by 52 weeks per year. If you found that a Plaintiff was paid a flat weekly rate, you can start from that flat weekly rate.

For example, and as you can also see on the screen in the powerpoint, if you found that a Plaintiff was paid a flat monthly rate of $2,600.00 per month, you would multiply that rate by 12 months per year to get $31,200.00 per year. You would then divide $31,200.00 per year by 52 weeks per year to get $600.00 per week.

23

The FLSA provides that you must calculate the regular rate for employees by dividing the employee's weekly rate by the number of hours per week the employee's salary was intended to compensate.  You must presume that an employee's salary is intended to compensate the employee for 40 hours per week.  The employer may rebut that presumption if it proves, by a preponderance of the evidence, that it and the employee contracted for the weekly salary to cover a different number of hours.  If the employer rebuts the presumption that the employee's salary was intended to compensate the employee for 40 hours, you should divide the employee's weekly rate by the number of hours the employer proves the employee's salary was intended to compensate.  If the employer does not rebut the presumption that the employee's salary was intended to compensate the employee for 40 hours, you should divide the employee's weekly rate by 40 hours.  In either event, round to the nearest cent.

Continuing our example from earlier, and again as illustrated on the screen through the powerpoint, if you find that the employee worked 50 hours per week, and that the employee's $600 weekly salary was intended to compensate them for 40 hours per week, you would divide the employee's weekly salary of $600 per week by 40 hours per week to get $15.00 per hour as the regular rate of pay under the FLSA.  If, however, you find that the employee worked 50 hours per week, and that the employee's $600 weekly salary was intended to compensate them for 50 hours per week, you would divide the employee's weekly salary of $600 per week by 50 hours per week to get $12.00 per hour as the regular rate of pay under the FLSA.

The New York Labor Law calculates the regular rate of pay a little differently, and again as illustrated on the screen through the powerpoint.  The New York Labor Law provides that you must calculate the regular rate for employees of restaurants by dividing the

24

employee's weekly rate by the lesser of (1) 40 hours per week and (2) the actual number of hours worked per week.  Round to the nearest cent.

Picking up with our example from earlier, if you find that the employee worked 50 hours per week, you would divide the employee's weekly salary of $600.00 per week by 40 hours per week – because 40 hours is less than the 50 actual hours worked -- to get $15.00 per hour as the regular rate of pay under the NYLL.

Once you have calculated Plaintiffs' Regular Rates of Pay under the FLSA and New York Labor Law, you will need to enter them on your verdict form under Questions 8 and 9. Space is provided to list multiple Regular Rates of Pay, should you find that a Plaintiff's Regular Rate of Pay changed over the course of employment.  However, you need not use each space provided.

Employees are entitled to overtime pay for the hours they worked in excess of 40 hours in any given workweek.  A workweek is defined as any period of 168 consecutive hours— which is typically, but need not be, seven consecutive 24 hour days.

An employee must be paid at a rate of at least one and one half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours.  We discussed how to calculate a Plaintiff's Regular Rate of Pay earlier, and you will have recorded that information in Questions 8 and 9 on your verdict form.

If you find that a Plaintiff's Regular Rate of Pay exceeds the applicable minimum wage, then you would determine their overtime rate by multiplying their Regular Rate of Pay by 1.5, which increases it by 50%.  If, however, you find that a Plaintiff's Regular Rate of Pay is less than or equal to the applicable minimum wage, then their overtime rate is determined by the applicable minimum wage rate, not by their Regular Rate of Pay.

25

Under the New York Labor Law, the applicable minimum wages for regular and overtime hours are as follows:

| Period | Regular Minimum Wage | Overtime Minimum Wage |
| --- | --- | --- |
| December 31, 2014 through December 30, 2015 | $8.75 per hour | $13.13 per hour |
| December 31, 2015 through December 30, 2016 | $9.00 per hour | $13.50 per hour |
| December 31, 2016 through December 30, 2017 | $10.00 per hour | $15.00 per hour |
| December 31, 2017 through December 30, 2018 | $11.00 per hour | $16.50 per hour |
| December 31, 2018 through December 30, 2019 | $12.00 per hour | $18.00 per hour |
| On and after December 31, 2019 | $13.00 per hour | $19.50 per hour |

Continuing our examples from earlier, and again as illustrated in the powerpoint, if you find that the employee worked 50 hours per week, and that the employee's salary compensated the employee for 40 hours per week, and that the employee's regular rate of pay was $15.00 per hour, you would determine the employee's overtime rate owed by multiplying $15.00 per hour by 1.5 to get $22.50 per hour as the overtime rate.  The employee would be entitled to damages of $22.50 per hour for 10 overtime hours per week, because the employee's salary only compensated them for 40 hours per week of the 50 hours per week that they worked.

Alternatively, if you find that the employee worked 50 hours per week, and that the employee's salary compensated the employee for 50 hours per week, and that the employee's regular rate of pay was $12.00 per hour, you would determine the employee's overtime rate owed by multiplying $12.00 per hour by 1.5 to get $18.00 per hour as the overtime rate.  The employee would be entitled to damages of $6.00 per hour ($18 overtime rate - $12 regular rate of pay) for 10 overtime hours per week, because the employee's salary compensated them for all of their 50 hours worked, at their regular rate of $12.00 per hour.

26

### F.    Substantive Law – Count 2 – Spread of Hours

Next, I will discuss Plaintiffs' Spread of Hours claim.  Under the New York Labor Law, an employee is entitled to receive one additional hour of pay, at the statutory minimum wage rate, for any day in which his or her "spread of hours" exceeds ten hours.  To prevail on their "spread of hours" claim, a Plaintiff must prove by a preponderance of the evidence each of the following elements: (1) that their spread of hours on a given day was greater than ten hours; and (2) that they were not paid an additional hour of wages at the minimum wage rate for that day's work.

The New York Labor Law defines spread of hours as "the length of the interval between the beginning and end of an employee's workday."  The spread of hours for any day includes compensable time plus, as I have previously defined it, any non-compensable break time.  For example, let's say an employee begins work at 8:00 a.m. and works until noon.  Then the employee is off work until 5:00 p.m. but works from 5:00 p.m. until 9:00 p.m.  Although the employee will have only eight compensable hours, his spread of hours would be thirteen hours—the number of hours between 8:00 a.m. and 9:00 p.m.  In this example, the employee would be entitled to be paid for nine hours: the eight hours of compensable time, plus an additional hour—paid at the minimum wage rate, not the overtime rate—because he worked a "spread of hours" greater than ten hours.

For Question 12 on the verdict form, you must indicate whether Plaintiffs' spreads of hours ever exceeded 10 hours.  If you find that they did exceed 10 hours, then you must also indicate for what period or periods his spread of hours exceeded 10 hours under Question 12.  If for Question 12 you find that Plaintiffs' spreads of hours ever exceeded 10 hours, then proceed to Question 13 where you must determine whether Plaintiffs received spread of hours

27

pay on those days.  If you do not find that Plaintiffs' spreads of hours ever exceeded 10 hours, you will leave Question 13 blank.

G.      **Substantive Law – Count 3 – Wage Notices**

Under the New York Labor Law, employers are required to provide their employees with a written wage notice within ten business days of their first day of employment.  The Plaintiffs claim that the Defendants did not provide them with the required wage notices.  The New York Labor Law specifies a particular form that the required wage notices must take. They must be in English and in the language that each employee identifies as his or her primary language.  It must contain the following information:

   • the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

   • allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

   • the regular pay day designated by the employer;

   • the name of the employer;

   • any "doing business as" names used by the employer;

   • the physical address of the employer's main office or principal place of business, and a mailing address if different; and

   • the telephone number of the employer.

The burden of proof concerning this claim is different from the burden of proof in many other issues that we have considered in this trial.  As I previously instructed you, each Plaintiff bears the burden of proving, by a preponderance of the evidence, that each Defendant was his or her employer.  The parties have stipulated that Leo Chuliya, Ltd. and Austin Chu were Plaintiffs' employers.  You will have found whether Dumpling Plus Corp. was or was not each Plaintiff's employer in your responses to Question 1.  If you find any Defendant or Defendants

28

to have been a Plaintiff's employer or employers, those Defendants then bear the burden of proving by a preponderance of the evidence that they provided an adequate wage notification form to that Plaintiff, as I have described it.  If you find that the Defendants provided an adequate wage notification form to any of the Plaintiffs, answer "Yes" to Question 15 on your verdict forms with respect to that Plaintiff.  If you find that the Defendants did not provide such a notification form, answer "No" to that question on your verdict forms with respect to that Plaintiff.

If you find that a Plaintiff was provided with an adequate wage notification form, you must determine whether they were provided with the form on time, prior to the start of their employment, or late, once their employment had started.  For each Plaintiff who was provided with such a form, you should enter after Question 16 the number of days that elapsed between the start of their employment and the date on which they received that form.  If you find that a Plaintiff was provided an adequate wage notice form at the start of their employment, you should write zero here.

### H.    Substantive Law – Count 4 – Wage Statements

In addition to requiring wage notices, the New York Labor Law requires every employer to furnish each employee with a statement of wages—sometimes called a pay stub—with every payment of wages.  The Plaintiffs claim that the Defendants did not provide them with these required wage statements.  The New York Labor Law specifies that the wage statements must list the following:

    • the dates of work covered by that payment of wages;

    • the name of employee;

    • the name, address, and phone number of employer;

• rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

• gross wages;

• deductions;

• allowances, if any, claimed as part of the minimum wage; and

• net wages.

For all employees who are not exempt from overtime compensation, the statement must also include:

• the regular hourly rate or rates of pay;

• the overtime rate or rates of pay;

• the number of regular hours worked; and

• the number of overtime hours worked.

You must determine whether each Plaintiff was provided with an adequate wage statement, as I have described it, with each payment of wages.

The burden of proof concerning this claim is also different from the burden of proof in many other issues that we have considered in this trial.  As I previously instructed you, each Plaintiff bears the burden of proving, by a preponderance of the evidence, that each Defendant was his or her employer.  The parties have stipulated that Leo Chuliya, Ltd. and Austin Chu were Plaintiffs' employers.  You will have found whether Dumpling Plus Corp. was or was not each Plaintiff's employer in your responses to Question 1.  If you find any Defendant or Defendants to have been a Plaintiff's employer or employers, those Defendants then bear the burden of proving by a preponderance of the evidence that they provided an adequate wage statement to that Plaintiff, as I have described it, with each payment of wages.  If you find that the Defendants provided wage statements with each wage payment made to each of the

Plaintiffs, you must answer "Yes" to Question 18 on your verdict form.  If you find that the Defendants failed to provide wage statements with some or all payments made to a Plaintiff, you must answer "No" to Question 18 with respect to that Plaintiff. Furthermore, if you answer "No" to Question 18 with respect to any of the Plaintiffs, you must further determine the period of time during which those wage statements were not provided with wage payments.  Space has been provided for you on the verdict form to enter those periods of time with respect to each Plaintiff.

## I.     Substantive Law – Good Faith

If you found that any of the Defendants failed to pay a Plaintiff "overtime wages;" failed to pay a Plaintiff "spread of hours wages;" failed to provide a Plaintiff a wage notice, or failed to provide a Plaintiff with wage statements, you will then need to determine whether those Defendants acted in good faith.  That is because the law may lessen the Defendants' liability if they acted in good faith.  I will now instruct you on how to determine if the Defendants acted in good faith.

To act in good faith is to act with objectively reasonable grounds for believing that the acts or omissions at issue did not violate the law.  It is the Defendants' burden to establish good faith.  It is not enough for the Defendants to claim that they did not know that their acts or omissions violated the law.  To establish good faith, the Defendants must prove that they took active steps to ascertain the dictates of the law, and that they then took action to comply with the law, as they understood it.

There are several questions in your verdict forms, including Questions 11, 14, 17, and 20, that ask you whether—to the extent you have determined that the Defendants violated the law as I have described it to you—they nonetheless acted in good faith. For each of these questions, if you find that Defendants acted in good faith with respect to a certain claim, you

must check "Yes" for that question.  If you find that Defendants did not act in good faith with respect to a certain claim, you must check "No" for that question.

### J.    Defendants' Counterclaim

Defendants have brought a counterclaim against Plaintiff Zhang alleging that Plaintiff Zhang was a co-employer of Plaintiff Wang under the FLSA, and thus should be responsible for any damages awarded to Plaintiff Wang.  You should consider my earlier instruction about employer status in evaluating whether Defendants have met their burden of proving by a preponderance of the evidence that Plaintiff Zhang was a co-employer of Plaintiff Wang.

Bear in mind, as I have instructed you, that an employee may have more than one employer at a time.  For instance, the parties have stipulated that Defendants Leo Chuliya, Ltd. and Austin Chu were Plaintiff Wang's employers. You should consider whether Defendants, and Plaintiff Zhang, were each Plaintiff Wang's employers separately, according to the standard I have given you.

## III.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your

32

spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

**B.      Right to See Exhibits and Hear Testimony; Communication with the Court**

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals.  Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

**C.      Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.      Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case.  You are not to discuss the case unless and until all jurors are present.  A majority of jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in

any way any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until it is presented in open court.

### E.    Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.  Remember, all answers must be unanimous.

### F.    Return of Verdict

After the verdict form has been filled out by you, your foreperson will sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV.   CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

**Court Ex. 6**

# Wang et al. v. Leo Chuliya, Ltd. et al. Case No. 20-cv-10395 (JLR)

Jury Instruction Aid

# Count 1 – Overtime Claims Illustration: Calculating **weekly rate of pay**

▶ EXAMPLE:  Flat monthly rate is $2,600

  ▶ Multiply by 12 months per year to get $31,200 ($2,600 x 12 = $31,200).

  ▶ Divide by 52 weeks per year to get $600 per week ($31,200 / 52 = $600).

# Count 1 – Overtime Claims Illustration: Calculating hourly **Regular Rate of Pay** Under FLSA

- **The FLSA provides that you must calculate the regular rate for employees by dividing the employee's weekly rate by the number of hours per week the employee's salary was intended to compensate.**

- EXAMPLE:
  - If you find that the employee worked **50 hours per week**,
  - and that the employee's **$600 weekly salary** was intended to compensate them for **40 hours per week**,
    - you would divide the employee's weekly salary of $600 per week by 40 hours per week to get $15.00 per hour as the regular rate of pay under the FLSA.

- EXAMPLE:
  - If you find that the employee worked **50 hours per week**,
  - and that the employee's **$600 weekly salary** was intended to compensate them for **50 hours per week**,
    - you would divide the employee's weekly salary of $600 per week by 50 hours per week to get $12.00 per hour as the regular rate of pay under the FLSA.

# Count 1 – Overtime Claims Illustration: Calculating hourly **Regular Rate of Pay** Under NYLL

- NYLL provides that you must calculate the regular rate for employees of restaurants by dividing the employee's weekly rate by the lesser of (1) 40 hours per week and (2) the actual number of hours worked per week.

- Example: if you find that the employee worked 50 hours per week,
  - you would divide the employee's weekly salary of $600.00 per week by 40 hours per week – because 40 hours is less than the 50 actual hours worked -- to get $15.00 per hour as the regular rate of pay under the NYLL.

# Count 1 – Overtime Claims Illustration: Calculating **Overtime**

▶ An employee must be paid at a rate of at least one and one half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours.

▶ Example:  If you find that the employee worked 50 hours per week, and that the employee's salary compensated the employee for 40 hours per week, and that the employee's regular rate of pay  was $15.00 per hour,

  ▶ you would determine the employee's overtime rate owed by multiplying $15.00 per hour by 1.5 ($15 X 1.5) to get $22.50 per hour as the overtime rate.

  ▶ The employee would be entitled to damages of $22.50 per hour for 10 overtime hours per week, because the employee's salary only compensated them for 40 hours per week of the 50 hours per week that they worked.

▶ Example: if you find that the employee worked 50 hours per week, and that the employee's salary compensated the employee for 50 hours per week, and that the employee's regular rate of pay was $12.00 per hour,

  ▶ you would determine the employee's overtime rate owed by multiplying $12.00 per hour by 1.5 ($12 x 1.5) to get $18.00 per hour as the overtime rate.

  ▶ The employee would be entitled to damages of $6.00 per hour ($18 overtime rate  - $12 regular rate of pay) for 10 overtime hours per week, because the employee's salary compensated them for all of their 50 hours worked, at their regular rate of $12.00 per hour.

**Court Exhibit 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIN WANG and YAN QIU ZHANG, | |
| Plaintiffs, | |
| -against- | Case No. 20-cv-10395 (JLR) |
| LEO CHULIYA, LTD, d/b/a Fantasy Cuisine, DUMPLING PLUS CORP., d/b/a Dumpling + Noodle, and AUSTIN CHU, a/k/a Chiahung Chu, | |
| Defendants. | |

JENNIFER L. ROCHON, United States District Judge:

## JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.  GENERAL INSTRUCTIONS ........................................................................ 1

    A.  Introductory Remarks ................................................................... 1

    B.  Role of the Court.......................................................................... 1

    C.  Role of the Jury ........................................................................... 2

    D.  Role of Counsel............................................................................ 2

    E.  Sympathy or Bias ........................................................................ 3

    F.  Burden of Proof........................................................................... 4

    G.  What Is and Is Not Evidence ....................................................... 5

    H.  Direct and Circumstantial Evidence ........................................... 6

    I.  Witness Credibility ...................................................................... 8

    J.  Prior Inconsistent Statement ....................................................... 9

    K.  Stipulations ................................................................................. 10

    L.  Available Evidence ...................................................................... 10

    M.  Multiple Claims and Multiple Parties ......................................... 11

    N.  Corporations................................................................................ 11

    O.  Translators................................................................................... 11

II.  SUBSTANTIVE INSTRUCTIONS ......................................................... 11

    A.  Summary of the Claims and Counterclaim.................................. 11

    B.  Substantive Law – Employer Status ........................................... 13

    C.  Substantive Law – Exemptions ................................................... 16

    D.  Substantive Law – Duration of Plaintiffs' Employments ........... 18

    E.  Substantive Law – Count 1 – Overtime Claims.......................... 20

    F.  Substantive Law – Count 2 – Spread of Hours........................... 27

    G.  Substantive Law – Count 3 – Wage Notices .............................. 28

    H.  Substantive Law – Count 4 – Wage Statements ......................... 30

    I.  Substantive Law – Good Faith.................................................... 31

    J.  Defendants' Counterclaim ........................................................... 32

III.  DELIBERATIONS OF THE JURY ......................................................... 33

    A.  Selection and Duties of Foreperson ........................................... 33

    B.  Right to See Exhibits and Hear Testimony; Communication with the Court....... 33

    C.  Notes ........................................................................................... 34

    D.  Duty to Deliberate; Unanimous Verdict ..................................... 34

    E.  Verdict Form............................................................................... 35

F.     Return of Verdict ................................................................................... 36

IV.   CONCLUSION........................................................................................... 36

# I.      GENERAL INSTRUCTIONS

## A.      Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask for your patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedures and deliberations.

## B.      Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to

1

legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law.  Do not speculate on matters not in evidence or outside of the case.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

2

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against the attorney or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing called sidebars. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.     Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial.  Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, gender presentation, disability, health conditions, or physical appearance of any party, witness, or lawyer.  It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way.  The parties in this case are entitled to a trial free from prejudice and bias.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

3

The case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All parties are entitled to the same fair trial by you.  They stand equal before the law, and are to be dealt with as equals in this Court.

**F.  Burden of Proof**

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.  As this is a civil case, the standard of proof is a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence.  If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with

4

this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

I will review this more comprehensively as I describe the claims and counterclaim in this case but briefly, the Plaintiffs have the burden of proving by a preponderance of the evidence each and every disputed element of their claims.  Defendants have raised a counterclaim.  Just like the Plaintiffs, the Defendants have the burden of proving each and every element of their counterclaim.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.      What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection. Some exhibits have redactions on them, or places

where the text has been blocked out.  You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### H.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not

look outside.  As you were sitting here, someone walked in with an umbrella, that was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The Plaintiffs ask you to draw one set of inferences.  The Defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point:  when you are determining issues of fact, you are weighing the evidence.  You determine whether evidence should be given no weight, some weight, or a lot of weight.  The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

## I.      Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.  Often it is not what a person says but how he or she says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony.  You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case.  Likewise, you should note any evidence of hostility or affection that the

8

witness may have towards one of the parties.  Such bias or interest in the outcome creates a

motive to testify falsely.  It is your duty to consider whether the witness has permitted any such

bias or interest to color his or her testimony and bear that factor in mind when evaluating the

credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will

testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected

or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have

the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find

that a witness has testified falsely about one matter, you may reject as false that portion of his or

her testimony and accept as true any other portion of the testimony that you find credible or that

you may find corroborated by other evidence in this case.  A witness may be inaccurate,

contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in

other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell

the truth before you?  It is for you to say whether his or her testimony at this trial was truthful in

whole or in part.

### J.    Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier

occasions that counsel argue are inconsistent with their trial testimony.  Evidence of a prior

inconsistent statement is not to be considered by you as affirmative evidence in determining

liability.  Evidence of any such prior inconsistent statement was placed before you for the limited

purpose of helping you decide whether to believe the trial testimony of the witness who may

have contradicted himself or herself.  If you find that a witness made an earlier statement that

conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### K.    Stipulations

A stipulation of facts is an agreement among the parties that certain facts are true.  The parties entered into a stipulation that was admitted into evidence and there were certain facts that were stipulated to by the parties during the trial.  You must regard such agreed facts in the stipulation as true.

### L.    Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witness would have said if the witness had been called.  The absence of any witness should not affect your judgment in any way.

### M.      Multiple Claims and Multiple Parties

This claim has more than one Plaintiff, and more than one Defendant, as well as multiple claims.  In reaching a verdict, you must bear in mind that the claims against each party are to be considered separately, solely on the evidence or lack of evidence, presented against that party without regard to the liability of any other party.

### N.      Corporations

This case involves corporate defendants.  A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

### O.      Translators

During this trial, some of the witnesses have testified in Mandarin Chinese with the assistance of a certified interpreter.  You are to consider only that evidence that was provided through the interpreter.  It is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the official English translation and disregard any different meaning, even if you otherwise understand Mandarin Chinese.

## II.      SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

### A.      Summary of the Claims and Counterclaim

The Plaintiffs in this case—the parties who brought the lawsuit— are Bin Wang and Yan Qiu Zhang.  The defendants are Leo Chuliya, Limited, doing business as Fantasy Cuisine, Dumpling Plus Corporation, doing business as Dumpling+Noodle, and Austin Chu, also known as Chiahung Chu.

Plaintiffs bring this action under the federal Fair Labor Standards Act, otherwise known as the "FLSA," and the New York State Labor Law, also known as the "NYLL."  I instruct you, based on the parties' stipulation, that at all relevant times, Leo Chuliya, Ltd. and Dumpling Plus Corp. were, and are, enterprises engaged in commerce within the meaning of the FLSA.

The FLSA and the New York Labor Law are similar in many respects, so I will discuss these laws separately only when the differences between them are relevant to the findings you must make.

Plaintiffs have brought four categories of claims, each of which I will now briefly summarize for you.  Later I will explain the law as to each claim in more detail.

First, the Plaintiffs contend that the Defendants violated the FLSA and the New York Labor Law by failing to pay them so-called "overtime wages," which are wages equal to one and one-half times their regular hourly wages, for all hours that they worked in excess of forty hours in any single week.  I will refer to these claims as the "Overtime Claims."  I will instruct you on how to arrive at that number in making your calculations.

Second, the Plaintiffs contend that the Defendants violated the New York Labor Law by failing to pay them so-called "spread of hours wages," which are an extra hour of pay at the minimum wage rate for days that the interval between the beginning and end of each Plaintiff's workday, the so-called "spread of hours," exceeded ten hours—even if there were breaks in the middle of the workday.  I will refer to these claims as the "Spread of Hours Claims."  It is up to you to make this assessment based on all the evidence presented in this trial.

Third, the Plaintiffs contend that Defendants violated the New York Labor Law by failing to provide them with written notices containing their rates of pay and the bases thereof,

allowances claimed as part of the minimum wage, regular pay day, employer's name and "doing business as" name, employer's physical and mailing address, and employer's telephone number, in English and in Chinese, at the times Plaintiffs were hired.   I will refer to these claims as the "Wage Notice Claims."

Fourth, the Plaintiffs contend that Defendants violated the New York Labor Law by failing to provide Plaintiffs with statements with each payment of wages listing the pay period, employee's name, employer's name, employer's address and telephone number, rate of pay and basis thereof, allowances claimed as part of the minimum wage, and net wages.  I will refer to these claims as the "Wage Statements Claims."

Defendants have brought a counterclaim against Plaintiff Yan Qiu Zhang alleging that she was a co-employer with Defendants of Plaintiff Bin Wang under the FLSA from September 2019 to March 2020.  Later I will explain the law as to this counterclaim in more detail.

In reaching a verdict, you must bear in mind that the Plaintiffs have the burden of proof regarding their Overtime Claims, Spread of Hours Claims, Wage Notice Claims, and Wage Statements Claims by a preponderance of the evidence, and the Defendants bear the burden of proof of their counterclaim against Plaintiff Yan Qiu Zhang by a preponderance of the evidence, unless I instruct you otherwise.   To meet that burden, the parties may rely on all of the evidence received at trial, regardless of which side presented it.

At the conclusion of my instructions, you will be given a verdict form with questions you must answer regarding the claims.

## B.      Substantive Law – Employer Status

In order for a Defendant to be liable to a Plaintiff, the Defendant must have been the Plaintiff's "employer."  It is possible that an employee can have more than one employer at the

same job.  If a Plaintiff can be said to have more than one employer at the same job, he is what is called "jointly employed."  Defendants concede that Leo Chuliya, Ltd. d/b/a as Fantasy Cuisine and Austin Chu were Plaintiffs' employers during their tenure at Fantasy Cuisine. However, they deny that Dumpling Plus Corp. d/b/a as Dumpling Plus Noodle was Plaintiffs' employer.

To determine whether a Defendant was a Plaintiff's employer, you will need to examine whether that Defendant possessed the power to control the Plaintiff as an employee. An employee may have a single employer or may have multiple employers.  An employer may be an employer even if his, her, or its control over the employee is restricted, indirect, or only occasional.  You should consider the totality of the circumstances that constitute the economic reality of the employer-employee relationship.  The focus is on the economic reality of the situation rather than technical concepts or job titles.  You may consider several factors in determining whether a Defendant was a Plaintiff's employer.  No single factor is controlling, and you must make your decision based on the totality of the circumstances.

Relevant factors as to whether an employment relationship existed include whether a Defendant: (1) had the power to hire or fire the Plaintiff; (2) supervised or controlled the Plaintiff's work schedule or conditions of employment; (3) determined the Plaintiff's rate and method of payment; and (4) maintained the Plaintiff's employment records.  Factors relevant to a joint employment inquiry include: (1) whether Plaintiff performed a discrete line job forming an integral part of a process of production integrated between alleged joint employers; (2) whether the alleged joint employer's premises and equipment were used for Plaintiff's work; (3) the extent of Plaintiff's work for the alleged joint employer; (4) the permanence or

duration of the working relationship between the workers and the alleged joint employer; and

(5) the degree of control exercised by the alleged joint employer over the Plaintiff.

The factors I have just listed are not exhaustive.  You may determine that a Defendant employed a Plaintiff without finding that any of these factors has been met.  You may also consider any other factors that you think are relevant to determining whether a Defendant had the power to control the means and manner of a Plaintiff's employment.

An employee, who is technically employed on the books of one entity, which is deemed to be part of a larger "single integrated enterprise," may establish liability for violations of the FLSA and New York Labor Law not only on his nominal employer but also on other entities composing part of the "single integrated enterprise."

Two entities may be treated as an employee's single employer either in the case of parent and wholly-owned subsidiary entities, or in the case of separate entities under common ownership and management.  Whether a group of entities qualifies as a single integrated enterprise turns on four factors: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.  Although no one factor is dispositive, control of labor relations is the central concern.

Each Plaintiff has the burden to prove by a preponderance of the evidence that each Defendant, whether that Defendant is a natural person or a corporation, was that Plaintiff's employer.  The parties have stipulated that Leo Chuliya, Ltd. and Austin Chu were Plaintiffs' employers.  It remains for you to find whether or not Dumpling Plus Corp. was Plaintiffs' employer.  As I will discuss more later, for purposes of the Defendants' counterclaim, you will also be determining whether Plaintiff Yan Qiu Zhang was Plaintiff Bin Wang's employer.

If, after consideration of all the evidence, you determine that a Plaintiff has proven, by a preponderance of the evidence, that Dumpling Plus Corp. was, at some point, their employer, then you must check the "Yes" on Question 1 of the verdict form. If after consideration of all the evidence you determine that a Plaintiff has not proven, by a preponderance of the evidence, that Dumpling Plus Corp. was, at some point, their employer, then you must check "No" on Question 1 of the verdict form.

### C.   Substantive Law – Exemptions

Both the FLSA and NYLL exempt from their protections some employees who work in a bona fide executive capacity, or as creative professionals, from the requirements to pay overtime or spread of hours wages, and the requirements to be provided wage notices and wage statements.

In this case, the parties dispute whether Plaintiff Bin Wang was an exempt creative professional, and/or whether Plaintiff Yan Qiu Zhang was an exempt executive employee, at various times of their tenure at Fantasy Cuisine. Defendants claim that they were.

### (1) Creative Professional Exemption

It is the employer's burden to prove, by a preponderance of the evidence, that a given employee was an exempt creative professional. To qualify as a creative professional, an employee's primary duty must be the performance of work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor, as opposed to work that primarily depends on intelligence, diligence, and accuracy. The employee's title does not dispose of the question of whether they were exempt—what matters is what the employee's primary duties actually were. For example, an employee with the title "chef" may or may not qualify as a creative professional. A chef whose primary duty requires invention, imagination, originality, or talent, such as that involved in regularly creating recipes or designing unique

16

dishes and menu items may be a creative professional; a chef whose primary duty consists of following recipes created by others, or cooking standard dishes and menu items, may not be a creative professional.  It is up to you to decide, in response to Question 2 of your verdict form, whether Plaintiff Bin Wang was, or was not, an exempt creative professional according to this standard.

(2) *Executive Employee Exemption*

It is likewise the employer's burden to prove, by a preponderance of the evidence, that a given employee was an exempt executive employee.  Under the FLSA, an employee must meet all of the following tests to qualify for the executive employee exemption: (1) the employee must be compensated on a salary basis at a rate of not less than $684.00 per week; (2) the employee must have a primary duty of managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise; (3) the employee must customarily and regularly direct the work of at least two or more other employees; (4) the employee must have the authority to hire or fire employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight.

Under the New York Labor Law, an employee must meet all of the following tests to qualify for the executive employee exemption: (1) the employee must be paid a flat weekly, bi-weekly, semi-monthly, monthly, or annual salary, that did not vary from pay period to pay period, equal to or greater than a certain salary threshold; (2) the employee must have a primary duty of managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise; (3) the employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; (4) the employee must

have the authority to hire or fire employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight; and (5) the employee must customarily and regularly exercise discretionary powers.

The New York Labor Law's salary thresholds for purposes of the executive employee exemption are as follows:

• $656.25 per week from December 31, 2014 through December 30, 2015;

• $675.00 per week from December 31, 2015 through December 30, 2016;

• $750.00 per week from December 31, 2016 through December 30, 2017;

• $825.00 per week from December 31, 2017 through December 30, 2018;

• $900.00 per week from December 31, 2018 through December 30, 2019; and

• $975.00 per week on and after December 31, 2019.

These thresholds do not apply to the creative professional exemption.

Questions 3 and 4 of your verdict form ask you to find whether Yan Qiu Zhang's employers proved that she was an exempt executive employee, under the FLSA and New York Labor Law respectively.

*          *          *

If you find that a Plaintiff was an exempt employee, you will not be considering the rest of these instructions for that Plaintiff.

### D.   Substantive Law – Duration of Plaintiffs' Employments

If you find that any of the Defendants was a Plaintiff's employer, you will next need to determine the time period, if any, over which that Plaintiff was employed by each Defendant which was that Plaintiff's employer.  It is the Plaintiff's burden to prove, by a preponderance of the evidence, the duration of their employment.  It is up to you to decide this factual issue.  The

parties have stipulated that Leo Chuliya, Ltd. and Austin Chu were Plaintiffs' employers. You will have found whether Dumpling Plus Corp. was or was not each Plaintiff's employer in your responses to Question 1.

To meet their burden of proving the duration of their employment, Plaintiffs may rely on all of the evidence received at trial, regardless of which side presented it. However, if you find that a Plaintiff's employer did not keep or maintain accurate employment records, then that Plaintiff can meet their burden by presenting sufficient evidence to show the duration of their employment as a matter of just and reasonable inference. A Plaintiff may meet this burden by relying on their recollection alone. The law does not require a plaintiff to recall exact dates. You should find that a Plaintiff met their burden of proof as to the period of their employment if you find their testimony to be credible and to provide a basis for a reasonable approximation of the period during which they were employed.

If you find that a Plaintiff has met that burden, then that Plaintiff's employer has the burden to show either the precise period of that Plaintiff's employment, or that the Plaintiff's approximation of the period of their employment is unreasonable. Accordingly, if you find that an employer does not have evidence of the precise dates of a Plaintiff's employment, it then becomes the employer's burden to produce evidence to negate the Plaintiff's recollection of the period of their employment. If you find an employer has met its burden of proving that a Plaintiff's approximation is unreasonable, then you may find the Plaintiff was employed during the period the employer claims. If, however, you find that the employer did not meet their burden, then you should approximate the Plaintiff's period of employment based on your evaluation of Plaintiff's testimony.

Ultimately, it is up to you to draw a reasonable conclusion as to the period, if any, during which each Plaintiff was employed by each of the Defendants you found to be their employer.

Question 5 on the verdict form asks you to state the duration of each Plaintiff's employment by each Defendant, if any.  Space is provided to list multiple terms of employment, should you find that Plaintiff's employment was broken up into multiple terms. However, you need not use each space provided.

### E.     Substantive Law – Count 1 – Overtime Claims

To prevail on their Overtime Claims, Plaintiffs must prove by a preponderance of the evidence that Defendants failed to pay them overtime when appropriate.

A Plaintiff is entitled to overtime pay if they worked more than 40 hours in a week. Any hours that a Plaintiff worked in excess of 40 in a single week are called "overtime hours." Because the parties dispute whether Plaintiffs worked overtime hours, you must determine how many hours Plaintiff worked per week.  An employee is considered to be working for purposes of these claims whenever they exert themselves, mentally or physically, for tasks controlled or required by the employer and performs these tasks primarily for the benefit of the employer. You must decide how many hours each Plaintiff worked each day, how many days that Plaintiff worked each week, and the number of hours that Plaintiff worked each week.

The number of hours an employee works in a day is determined under what is called the "continuous workday" rule.  Under that rule, the workday begins when the employee begins to engage in work and continues until the completion of their work.  It includes all of the time within that period whether or not the employee is engaged in work throughout the entire period.

20

There is, however, an exception to this rule for meal periods and for periods longer than thirty minutes if the employee is completely relieved from duty.  I will refer to those periods as "non-compensable breaks" because those periods are not compensable work time.  It is the Defendants' burden to prove that a break was a non-compensable break.  The Defendants must do so by a preponderance of the evidence.  A non-compensable break must last at least thirty minutes.  In contrast, short periods away from work, commonly known as break periods or coffee breaks, are compensable work time.

To qualify as a non-compensable break, the employee must be relieved from duty.  An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer.  In other words, if during the period at issue the employee's time and attention are primarily occupied by private or personal pursuits, such as relaxing or eating, then the employee is relieved from duty.  On the other hand, if during the periods at issue, the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably spending the break, then the employee has not been relieved from duty.  Whether the time was spent predominantly for the employee's or the employer's benefit depends on all the facts and circumstances of the case.

In order to determine the number of hours worked, you must determine whether the Defendants have demonstrated a Plaintiff took non-compensable breaks.  If you find that a Plaintiff did take non-compensable breaks, then the length of those breaks must not be counted as working time when determining the total number of hours Plaintiff worked on a particular day.  In other words, a Plaintiff's "compensable hours" are the number of hours they worked minus any non-compensable breaks.

With respect to this issue, as with the period of a Plaintiff's employment, a Plaintiff may rely on all the evidence received at trial, regardless of which side presented it. However, if you find that the Defendants did not keep and maintain accurate time records then a Plaintiff can meet this burden by presenting sufficient evidence to show the hours he or she worked as a matter of just and reasonable inference. A Plaintiff may meet this burden by relying on their recollections alone. The law does not require a Plaintiff to recall exact dates or exact hours. You should find that a Plaintiff met this burden of proof as to the length of shifts if you find their testimony to be credible and that it provides a basis for a reasonable approximation of the total number of hours they worked.

If you find that a Plaintiff has met that burden, then the Defendants have the burden to show either the precise hours that the Plaintiff worked or that the Plaintiff's approximations of hours worked are unreasonable. If you find the Defendants have met their burden of proving a Plaintiff's approximations are unreasonable, then you may find that the Plaintiff worked the period the Defendants claim. If, however, you find that the Defendants did not meet their burden then you should approximate the Plaintiff's hours based on your evaluation of the evidence in the case, including Plaintiff's testimony.

Ultimately, it is up to you to draw a reasonable conclusion as to the number of hours Plaintiffs worked per week and enter that information on your verdict form under Question 6.

You will consider the issue of overtime only if you determined that Plaintiffs worked more than 40 hours in a given week. If you find Plaintiffs never worked more than 40 hours in a given week, then no overtime needs to be calculated and you will leave Questions 7 through 11 on your verdict form blank.

After determining how many hours the Plaintiffs worked, if any, the next issue you must determine is how much the Plaintiffs were paid per hour—which I will refer to as their "Regular Rates of Pay."

Again, as with duration of employment and hours worked, you may consider all of the evidence received at trial when you determine the Plaintiffs' Regular Rates of Pay. However, if you find that the Defendants did not keep and maintain accurate pay records, then the Plaintiffs can meet their burden by presenting sufficient evidence to show the amounts they were paid as a matter of just and reasonable inference. That means Plaintiffs may rely on their own testimony regarding their recollections of what they were paid. You should find they met their burden of proof if you find their testimony is credible and provides a basis for a reasonable approximation of the wages they were paid. If you find that a Plaintiff has satisfied this burden, then the Defendants have the burden to show that any inferences drawn from a Plaintiff's testimony are unreasonable.

Before you determine Plaintiffs' Regular Rate of Pay, you must first determine whether each Plaintiff was paid on an hourly basis, or if they were paid a salary or a flat rate for an agreed upon period of time. If you find that a Plaintiff was paid at an hourly rate, then the rate at which the Plaintiff was paid per hour is their Regular Rate of Pay, and your answers to Questions 7 and 8 will be the same, both in the form of "[some number of] dollars per hour." However, if you determine that a Plaintiff was paid a salary or flat amount to cover an agreed-upon period of time—for example, a flat weekly rate, or a flat monthly rate—you will need to do a little math to find their hourly "Regular Rate of Pay." Let me explain the math and I will also use a powerpoint to highlight what I am saying to make the math a bit more engaging. As

a reminder, you will only be considering these calculations for a Plaintiff if you find that the Plaintiff is not an exempt employee.

First, you will fill out Question 7 in the form of "[some number of] dollars per [some unit time]."  Then, you will convert the rate you found into a weekly rate, as follows: multiply the rate you found by the number of time units per year, then divide the result by 52 weeks per year.  If you found that a Plaintiff was paid a flat weekly rate, you can start from that flat weekly rate.

For example, and as you can also see on the screen in the powerpoint, if you found that a Plaintiff was paid a flat monthly rate of $2,600.00 per month, you would multiply that rate by 12 months per year to get $31,200.00 per year.  You would then divide $31,200.00 per year by 52 weeks per year to get $600.00 per week.

The FLSA provides that you must calculate the regular rate for employees by dividing the employee's weekly rate by the number of hours per week the employee's salary was intended to compensate.  You must presume that an employee's salary is intended to compensate the employee for 40 hours per week.  The employer may rebut that presumption if it proves, by a preponderance of the evidence, that it and the employee contracted for the weekly salary to cover a different number of hours.  If the employer rebuts the presumption that the employee's salary was intended to compensate the employee for 40 hours, you should divide the employee's weekly rate by the number of hours the employer proves the employee's salary was intended to compensate.  If the employer does not rebut the presumption that the employee's salary was intended to compensate the employee for 40 hours, you should divide the employee's weekly rate by 40 hours.  In either event, round to the nearest cent.

Continuing our example from earlier, and again as illustrated on the screen through the powerpoint, if you find that the employee worked 50 hours per week, and that the employee's $600 weekly salary was intended to compensate them for 40 hours per week, you would divide the employee's weekly salary of $600 per week by 40 hours per week to get $15.00 per hour as the regular rate of pay under the FLSA.  If, however, you find that the employee worked 50 hours per week, and that the employee's $600 weekly salary was intended to compensate them for 50 hours per week, you would divide the employee's weekly salary of $600 per week by 50 hours per week to get $12.00 per hour as the regular rate of pay under the FLSA.

The New York Labor Law calculates the regular rate of pay a little differently, and again as illustrated on the screen through the powerpoint.  The New York Labor Law provides that you must calculate the regular rate for employees of restaurants by dividing the employee's weekly rate by the lesser of (1) 40 hours per week and (2) the actual number of hours worked per week.  Round to the nearest cent.

Picking up with our example from earlier, if you find that the employee worked 50 hours per week, you would divide the employee's weekly salary of $600.00 per week by 40 hours per week – because 40 hours is less than the 50 actual hours worked -- to get $15.00 per hour as the regular rate of pay under the NYLL.

Once you have calculated Plaintiffs' Regular Rates of Pay under the FLSA and New York Labor Law, you will need to enter them on your verdict form under Questions 8 and 9. Space is provided to list multiple Regular Rates of Pay, should you find that a Plaintiff's Regular Rate of Pay changed over the course of employment.  However, you need not use each space provided.

Non-exempt employees are entitled to overtime pay for the hours they worked in excess of 40 hours in any given workweek.  A workweek is defined as any period of 168 consecutive hours—which is typically, but need not be, seven consecutive 24 hour days.

A non-exempt employee must be paid at a rate of at least one and one half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours.  We discussed how to calculate a Plaintiff's Regular Rate of Pay earlier, and you will have recorded that information in Questions 8 and 9 on your verdict form.

If you find that a Plaintiff's Regular Rate of Pay exceeds the applicable minimum wage, then you would determine their overtime rate by multiplying their Regular Rate of Pay by 1.5, which increases it by 50%.  If, however, you find that a Plaintiff's Regular Rate of Pay is less than or equal to the applicable minimum wage, then their overtime rate is determined by the applicable minimum wage rate, not by their Regular Rate of Pay.

Under the New York Labor Law, the applicable minimum wages for regular and overtime hours are as follows:

| Period | Regular Minimum Wage | Overtime Minimum Wage |
|---|---|---|
| December 31, 2014 through December 30, 2015 | $8.75 per hour | $13.13 per hour |
| December 31, 2015 through December 30, 2016 | $9.00 per hour | $13.50 per hour |
| December 31, 2016 through December 30, 2017 | $10.00 per hour | $15.00 per hour |
| December 31, 2017 through December 30, 2018 | $11.00 per hour | $16.50 per hour |
| December 31, 2018 through December 30, 2019 | $12.00 per hour | $18.00 per hour |
| On and after December 31, 2019 | $13.00 per hour | $19.50 per hour |

Continuing our examples from earlier, and again as illustrated in the powerpoint, if you find that the employee worked 50 hours per week, and that the employee's salary compensated

26

the employee for 40 hours per week, and that the employee's regular rate of pay was $15.00 per hour, you would determine the employee's overtime rate owed by multiplying $15.00 per hour by 1.5 to get $22.50 per hour as the overtime rate.  The employee would be entitled to damages of $22.50 per hour for 10 overtime hours per week, because the employee's salary only compensated them for 40 hours per week of the 50 hours per week that they worked.

Alternatively, if you find that the employee worked 50 hours per week, and that the employee's salary compensated the employee for 50 hours per week, and that the employee's regular rate of pay was $12.00 per hour, you would determine the employee's overtime rate owed by multiplying $12.00 per hour by 1.5 to get $18.00 per hour as the overtime rate.  The employee would be entitled to damages of $6.00 per hour ($18 overtime rate - $12 regular rate of pay) for 10 overtime hours per week, because the employee's salary compensated them for all of their 50 hours worked, at their regular rate of $12.00 per hour.

F.      Substantive Law – Count 2 – Spread of Hours

Next, I will discuss Plaintiffs' Spread of Hours claim.  Under the New York Labor Law, a non-exempt employee is entitled to receive one additional hour of pay, at the statutory minimum wage rate, for any day in which his or her "spread of hours" exceeds ten hours.  To prevail on their "spread of hours" claim, a Plaintiff must prove by a preponderance of the evidence each of the following elements: (1) that their spread of hours on a given day was greater than ten hours; and (2) that they were not paid an additional hour of wages at the minimum wage rate for that day's work.

The New York Labor Law defines spread of hours as "the length of the interval between the beginning and end of an employee's workday."  The spread of hours for any day includes compensable time plus, as I have previously defined it, any non-compensable break time.  For example, let's say a non-exempt employee begins work at 8:00 a.m. and works until

27

noon.  Then the employee is off work until 5:00 p.m. but works from 5:00 p.m. until 9:00 p.m.

Although the employee will have only eight compensable hours, his spread of hours would be

thirteen hours—the number of hours between 8:00 a.m. and 9:00 p.m.  In this example, the

employee would be entitled to be paid for nine hours: the eight hours of compensable time,

plus an additional hour—paid at the minimum wage rate, not the overtime rate—because he

worked a "spread of hours" greater than ten hours.

For Question 12 on the verdict form, you must indicate whether Plaintiffs' spreads of

hours ever exceeded 10 hours.  If you find that they did exceed 10 hours, then you must also

indicate for what period or periods his spread of hours exceeded 10 hours under Question 12.

If for Question 12 you find that Plaintiffs' spreads of hours ever exceeded 10 hours, then

proceed to Question 13 where you must determine whether Plaintiffs received spread of hours

pay on those days.  If you do not find that Plaintiffs' spreads of hours ever exceeded 10 hours,

you will leave Question 13 blank.

### G.    Substantive Law – Count 3 – Wage Notices

Under the New York Labor Law, employers are required to provide their non-exempt

employees with a written wage notice within ten business days of their first day of

employment.  The Plaintiffs claim that the Defendants did not provide them with the required

wage notices.  The New York Labor Law specifies a particular form that the required wage

notices must take.  They must be in English and in the language that each employee identifies

as his or her primary language.  It must contain the following information:

   • the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,
   salary, piece, commission, or other;

   • allowances, if any, claimed as part of the minimum wage, including tip, meal, or
   lodging allowances;

   • the regular pay day designated by the employer;

• the name of the employer;

• any "doing business as" names used by the employer;

• the physical address of the employer's main office or principal place of business, and a mailing address if different; and

• the telephone number of the employer.

The burden of proof concerning this claim is different from the burden of proof in many other issues that we have considered in this trial. As I previously instructed you, each Plaintiff bears the burden of proving, by a preponderance of the evidence, that each Defendant was his or her employer. The parties have stipulated that Leo Chuliya, Ltd. and Austin Chu were Plaintiffs' employers. You will have found whether Dumpling Plus Corp. was or was not each Plaintiff's employer in your responses to Question 1. If you find any Defendant or Defendants to have been a Plaintiff's employer or employers, those Defendants then bear the burden of proving by a preponderance of the evidence that they provided an adequate wage notification form to that Plaintiff, as I have described it. If you find that the Defendants provided an adequate wage notification form to any of the Plaintiffs, answer "Yes" to Question 15 on your verdict forms with respect to that Plaintiff. If you find that the Defendants did not provide such a notification form, answer "No" to that question on your verdict forms with respect to that Plaintiff.

If you find that a Plaintiff was provided with an adequate wage notification form, you must determine whether they were provided with the form on time, prior to the start of their employment, or late, once their employment had started. For each Plaintiff who was provided with such a form, you should enter after Question 16 the number of days that elapsed between the start of their employment and the date on which they received that form. If you find that a

Plaintiff was provided an adequate wage notice form at the start of their employment, you should write zero here.

### H.     Substantive Law – Count 4 – Wage Statements

In addition to requiring wage notices, the New York Labor Law requires every employer to furnish each non-exempt employee with a statement of wages—sometimes called a pay stub—with every payment of wages.  The Plaintiffs claim that the Defendants did not provide them with these required wage statements.  The New York Labor Law specifies that the wage statements must list the following:

- the dates of work covered by that payment of wages;

- the name of employee;

- the name, address, and phone number of employer;

- rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

- gross wages;

- deductions;

- allowances, if any, claimed as part of the minimum wage; and

- net wages.

For all employees who are not exempt from overtime compensation, the statement must also include:

- the regular hourly rate or rates of pay;

- the overtime rate or rates of pay;

- the number of regular hours worked; and

- the number of overtime hours worked.

You must determine whether each Plaintiff was provided with an adequate wage statement, as I have described it, with each payment of wages.

30

The burden of proof concerning this claim is also different from the burden of proof in many other issues that we have considered in this trial. As I previously instructed you, each Plaintiff bears the burden of proving, by a preponderance of the evidence, that each Defendant was his or her employer. The parties have stipulated that Leo Chuliya, Ltd. and Austin Chu were Plaintiffs' employers. You will have found whether Dumpling Plus Corp. was or was not each Plaintiff's employer in your responses to Question 1. If you find any Defendant or Defendants to have been a Plaintiff's employer or employers, those Defendants then bear the burden of proving by a preponderance of the evidence that they provided an adequate wage statement to that Plaintiff, as I have described it, with each payment of wages. If you find that the Defendants provided wage statements with each wage payment made to each of the Plaintiffs, you must answer "Yes" to Question 18 on your verdict form. If you find that the Defendants failed to provide wage statements with some or all payments made to a Plaintiff, you must answer "No" to Question 18 with respect to that Plaintiff. Furthermore, if you answer "No" to Question 18 with respect to any of the Plaintiffs, you must further determine the period of time during which those wage statements were not provided with wage payments. Space has been provided for you on the verdict form to enter those periods of time with respect to each Plaintiff.

## I.     Substantive Law – Good Faith

If you found that any of the Defendants failed to pay a Plaintiff "overtime wages;" failed to pay a Plaintiff "spread of hours wages;" failed to provide a Plaintiff a wage notice, or failed to provide a Plaintiff with wage statements, you will then need to determine whether those Defendants acted in good faith. That is because the law may lessen the Defendants' liability if they acted in good faith. I will now instruct you on how to determine if the Defendants acted in good faith.

31

To act in good faith is to act with objectively reasonable grounds for believing that the acts or omissions at issue did not violate the law.  It is the Defendants' burden to establish good faith.  It is not enough for the Defendants to claim that they did not know that their acts or omissions violated the law.  To establish good faith, the Defendants must prove that they took active steps to ascertain the dictates of the law, and that they then took action to comply with the law, as they understood it.

There are several questions in your verdict forms, including Questions 11, 14, 17, and 20, that ask you whether—to the extent you have determined that the Defendants violated the law as I have described it to you—they nonetheless acted in good faith. For each of these questions, if you find that Defendants acted in good faith with respect to a certain claim, you must check "Yes" for that question.  If you find that Defendants did not act in good faith with respect to a certain claim, you must check "No" for that question.

**J.      Defendants' Counterclaim**

Defendants have brought a counterclaim against Plaintiff Zhang alleging that Plaintiff Zhang was a co-employer of Plaintiff Wang under the FLSA, and thus should be responsible for any damages awarded to Plaintiff Wang.  You should consider my earlier instruction about employer status in evaluating whether Defendants have met their burden of proving by a preponderance of the evidence that Plaintiff Zhang was a co-employer of Plaintiff Wang.

Bear in mind, as I have instructed you, that an employee may have more than one employer at a time.  For instance, the parties have stipulated that Defendants Leo Chuliya, Ltd. and Austin Chu were Plaintiff Wang's employers. You should consider whether Defendants, and Plaintiff Zhang, were each Plaintiff Wang's employers separately, according to the standard I have given you.

The question of whether Plaintiff Zhang was Plaintiff Wang's employer and whether Plaintiff Zhang was an executive employee are separate questions. You must analyze these questions separately, applying the appropriate test to each, as I instructed you earlier.

### III.   DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. I will now give you a few final instructions on those deliberations.

#### A.   Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson. Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory. You are free to select any member as your foreperson. The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

#### B.   Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you. If you want any of the testimony read, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the

marshals.  Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

### C.    Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.    Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case.  You are not to discuss the case unless and until all jurors are present.  A majority of jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for

34

either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until it is presented in open court.

### E.    Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed. Remember, all answers must be unanimous.

35

### F.      Return of Verdict

After the verdict form has been filled out by you, your foreperson will sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## IV.     CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

**Court Ex. 8**

# Wang et al. v. Leo Chuliya, Ltd. et al. Case No. 20-cv-10395 (JLR)

Jury Instruction Aid

# Count 1 – Overtime Claims Illustration: Calculating **weekly rate of pay**

▶ EXAMPLE:  Flat monthly rate is $2,600

  ▶ Multiply by 12 months per year to get $31,200 ($2,600 x 12 = $31,200).

  ▶ Divide by 52 weeks per year to get $600 per week ($31,200 / 52 = $600).

# Count 1 – Overtime Claims Illustration: Calculating hourly **Regular Rate of Pay** Under FLSA

▶ **The FLSA provides that you must calculate the regular rate for employees by dividing the employee's weekly rate by the number of hours per week the employee's salary was intended to compensate.**

▶ EXAMPLE:

  ▶ If you find that the employee worked **50 hours per week**,

  ▶ and that the employee's **$600 weekly salary** was intended to compensate them for **40 hours per week**,

    ➢ you would divide the employee's weekly salary of $600 per week by 40 hours per week to get $15.00 per hour as the regular rate of pay under the FLSA.

▶ EXAMPLE:

  ▶ If you find that the employee worked **50 hours per week**,

  ▶ and that the employee's **$600 weekly salary** was intended to compensate them for **50 hours per week**,

    ➢ you would divide the employee's weekly salary of $600 per week by 50 hours per week to get $12.00 per hour as the regular rate of pay under the FLSA.

# Count 1 – Overtime Claims Illustration: Calculating hourly **Regular Rate of Pay** Under NYLL

▶ NYLL provides that you must calculate the regular rate for employees of restaurants by dividing the employee's weekly rate by the lesser of (1) 40 hours per week and (2) the actual number of hours worked per week.

▶ Example: if you find that the employee worked 50 hours per week,

  ▶ you would divide the employee's weekly salary of $600.00 per week by 40 hours per week – because 40 hours is less than the 50 actual hours worked -- to get $15.00 per hour as the regular rate of pay under the NYLL.

# Count 1 – Overtime Claims Illustration: Calculating **Overtime**

▶ A non-exempt employee must be paid at a rate of at least one and one half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours.

▶ Example:  If you find that the employee worked 50 hours per week, and that the employee's salary compensated the employee for 40 hours per week, and that the employee's regular rate of pay  was $15.00 per hour,

  ▶ you would determine the employee's overtime rate owed by multiplying $15.00 per hour by 1.5 ($15 X 1.5) to get <span style="color:red">$22.50 per hour as the overtime rate</span>.

  ▶ The employee would be entitled to damages of $22.50 per hour for 10 overtime hours per week, because the employee's salary only compensated them for 40 hours per week of the 50 hours per week that they worked.

▶ Example: if you find that the employee worked 50 hours per week, and that the employee's salary compensated the employee for 50 hours per week, and that the employee's regular rate of pay was $12.00 per hour,

  ▶ you would determine the employee's overtime rate owed by multiplying $12.00 per hour by 1.5 ($12 x 1.5) to get <span style="color:red">$18.00 per hour as the overtime rate</span>.

  ▶ The employee would be entitled to damages of $6.00 per hour ($18 overtime rate  - $12 regular rate of pay) for 10 overtime hours per week, because the employee's salary compensated them for all of their 50 hours worked, at their regular rate of $12.00 per hour.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BIN WANG and YAN QIU ZHANG,

　　　　　　　Plaintiffs,

　　　　-against-

LEO CHULIYA, LTD d/b/a Fantasy Cuisine,
DUMPLING PLUS CORP. d/b/a Dumpling +
Noodle, and AUSTIN CHU a/k/a Auston Chu
a/k/a Chiahung Chu a/k/a Chia-Hung Chu a/k/a
Chia Hung Chu,

　　　　　　　Defendants.

Case No. 20-cv-10395 (JLR)

JENNIFER L. ROCHON, United States District Judge:

**VERDICT FORM**

i

**Court Exhibit 4**

**All Jurors must agree unanimously to the answers to each question.  Please follow the directions in the jury form closely and move through the form in the order that the questions are asked.**

**Employer Status**

1.  Did each Plaintiff prove by a preponderance of the evidence that Dumpling Plus Corp. was their "employer," either directly, as a joint employer, or as part of a "single integrated enterprise?"

    a.  Bin Wang:

        Yes: _____        No: __✓__

    b.  Yan Qiu Zhang:

        Yes: _____        No: __✓__

**Exemptions**

2.  Did Bin Wang's employer(s) prove, by a preponderance of the evidence, that he was exempt from receiving overtime as a creative professional?

        Yes: _____    No: __✓__

3.  Did Yan Qiu Zhang's employer(s) prove, by a preponderance of the evidence, that she was exempt from receiving overtime as an executive employee under the FLSA?

        Yes: _____    No: __✓__

4.  Did Yan Qiu Zhang's employer(s) prove, by a preponderance of the evidence, that she was exempt from receiving overtime as an executive employee under the New York Labor Law?

        Yes: _____    No: __✓__

1

**Court Exhibit 4**

*If you answered "YES" to __ALL__ of Questions 2 through 4, your deliberations have concluded and your foreperson should sign the verdict sheet and alert the Marshal.*

*If you answered "YES" to Question 2, do not answer the portions of Questions 5 through 20 that deal with Plaintiff Bin Wang.*

*If you answered "YES" to __BOTH__ Questions 3 and 4, do not answer the portions of Questions 5 through 20 that deal with Plaintiff Yan Qui Zhang.*

*If you answered "NO" to __at least one__ of Questions 2 through 4, please proceed to Question 5 and proceed through the questionnaire in accordance with the foregoing and further instructions.*

**Employment Dates and Rates of Pay**

5. Set forth the dates, if any, that you find Plaintiffs' employments started and ended for each Employer: Leo Chuliya, Ltd.; Austin Chu; and (if you answered "Yes" in response to Question 1) Dumpling Plus Corp. If you find that a Plaintiff had more than one term of employment, set forth the start and end date of each term of employment. <u>Note</u>: you need not use each provided space.

| a. Bin Wang: | | | | |
|---|---|---|---|---|
| Leo Chuliya, Ltd. | Start: 09/10/2019 | End: 03/30/2020 | | |
| | Start: 04/13/2020 | End: 10/11/2020 | | |
| | Start: _____ | End: _____ | | |
| Austin Chu | Start: 09/10/2019 | End: 03/30/2020 | | |
| | Start: 04/13/2020 | End: 10/11/2020 | | |
| | Start: _____ | End: _____ | | |
| Dumpling Plus Corp (only if you answered YES to Q.1) | Start: _____ | End: _____ | | |
| | Start: _____ | End: _____ | | |
| | Start: _____ | End: _____ | | |

2

**Court Exhibit 4**

| b. Yan Qiu Zhang: | | | | |
|---|---|---|---|---|
| Leo Chuliya, Ltd. | Start: 10/15/2016 | End: 03/15/2020 |
| | Start: _____ | End: _____ |
| | Start: _____ | End: _____ |
| Austin Chu | Start: 10/15/2016 | End: 03/15/2020 |
| | Start: _____ | End: _____ |
| | Start: _____ | End: _____ |
| Dumpling Plus Corp (only if you answered YES to Q.1) | Start: _____ | End: _____ |
| | Start: _____ | End: _____ |
| | Start: _____ | End: _____ |

3

**Court Exhibit 4**

6. How many "compensable hours" do you find that each Plaintiff worked per week? If the number of hours per week changed, please note when it changed and what it changed to:

   a. Bin Wang:

   09/10/2019 to 03/30/2020 — 48 hours
   04/13/2020 to 10/11/2020 — 38.5 hours

   b. Yan Qiu Zhang:

   10/15/2016 to 03/15/2020 — 48 hours

*If you found in response to Questions 6(a) and 6(b) that __at no point__ did any Plaintiff work more than forty hours per week, do not answer Questions 7 through 11, and instead proceed to Question 12.*

*If you found that any Plaintiff worked more than forty hours per week __at any point__, please proceed to Question 7 and answer with respect to that Plaintiff.*

7. Indicate the dollar amount and time unit (*e.g.*, per hour, per day, per week, per two weeks, per half-month, per month, or per year) that each Plaintiff was paid for each period of employment that you found in response to Question 5. <u>Note</u>: you need not use each provided space.

   a. Bin Wang:

   Period: 09/10/19 – 03/30/20   $: 700   per: Week   (time unit)
   Period: 04/13/20 – 10/11/20   $: 900   per: Week   (time unit)
   Period: _____   $: _____   per: _____   (time unit)
   Period: _____   $: _____   per: _____   (time unit)
   Period: _____   $: _____   per: _____   (time unit)
   Period: _____   $: _____   per: _____   (time unit)
   Period: _____   $: _____   per: _____   (time unit)

4

b. Yan Qiu Zhang:

Period: 10/15/16 – 7/1/18   $: 830   per: Week (time unit)

Period: 7/1/18 – 2/15/19   $: 850   per: Week (time unit)

Period: 2/15/19 – 3/15/20   $: 990   per: Week (time unit)

Period: _____   $: _____   per: _____ (time unit)

Period: _____   $: _____   per: _____ (time unit)

Period: _____   $: _____   per: _____ (time unit)

Period: _____   $: _____   per: _____ (time unit)

8. For each period of employment that you found above, what do you find was each Plaintiff's "regular rate of pay" under the FLSA?  Note: you need not use each provided space.

a. Bin Wang:

Period: 09/10/19 – 03/30/20   $: 15.56   per hour

Period: 04/13/20 – 10/11/20   $: 23.38   per hour

Period: _____   $: _____   per hour

Period: _____   $: _____   per hour

Period: _____   $: _____   per hour

Period: _____   $: _____   per hour

Period: _____   $: _____   per hour

b. Yan Qiu Zhang:

Period: 10/15/16 – 7/1/18   $: 16.44   per hour

Period: 7/1/18 – 2/15/19   $: 18.89   per hour

Period: 2/15/19 – 3/15/20   $: 22.00   per hour

Period: _____   $: _____   per hour

Period: _____   $: _____   per hour

Period: _____   $: _____   per hour

Period: _____   $: _____   per hour

9. For each period of employment that you found above, what do you find was each Plaintiff's "regular rate of pay" under the New York Labor Law?  <u>Note</u>: you need not use each provided space.

   a. Bin Wang:

   Period: 09/10/19 – 03/30/20      $: 17.50      per hour

   Period: 04/13/20 – 10/11/20      $: 22.50      per hour

   Period:_____      $:_____      per hour

   Period:_____      $:_____      per hour

   Period:_____      $:_____      per hour

   Period:_____      $:_____      per hour

   Period:_____      $:_____      per hour

   b. Yan Qiu Zhang:

   Period: 10/15/16 – 7/1/18      $: 20.75      per hour

   Period: 7/1/18 – 3/15/19      $: 21.25      per hour

   Period: 3/15/19 – 3/15/20      $: 24.75      per hour

   Period:_____      $:_____      per hour

   Period:_____      $:_____      per hour

   Period:_____      $:_____      per hour

   Period:_____      $:_____      per hour

10. Was each Plaintiff paid at least 1.5 (one and a half) times <u>the greater of</u> (i) the minimum wage or (ii) their "regular rate of pay" under NYLL for each overtime hour worked, if any?

    a. Bin Wang:      Yes: _____      No: ✓_____

    b. Yan Qui Zhang:      Yes: _____      No: ✓_____

*If you answered "YES" to both Questions 10(a) and 10(b), do not answer Question 11, but instead proceed to Question 12.*

*If you answered "NO" to at least one of Questions 10(a) or 10(b), please proceed to Question 11 with respect to that Plaintiff.*

6

11. To the extent Defendant(s) failed to pay Plaintiff(s) adequate "overtime wages," did any Defendant nevertheless act in "good faith?"  <u>Note</u>: you need only provide responses for Dumpling Plus Corp. if you found it to be a Plaintiff(s)'s employer in Question 1.

    a.  With respect to Bin Wang:

| | | | | |
|---|---|---|---|---|
| Leo Chuliya, Ltd. | Yes: | _____ | No: | ✓ |
| Dumpling Plus Corp. | Yes: | _____ | No: | _____ |
| Austin Chu | Yes: | _____ | No: | ✓ |

    b.  With respect to Yan Qiu Zhang:

| | | | | |
|---|---|---|---|---|
| Leo Chuliya, Ltd. | Yes: | _____ | No: | ✓ |
| Dumpling Plus Corp. | Yes: | _____ | No: | _____ |
| Austin Chu | Yes: | _____ | No: | ✓ |

**Spread of Hours**

12. Indicate the number of days per week you find that Plaintiffs' "spreads of hours" exceeded ten hours.  If the number of days per week changed, please note when it changed and what it changed to:

    a.  Bin Wang:

09/10/19 to 03/30/20 – 0 hours

04/13/20 to 10/11/20 – 0 hours

    b.  Yan Qiu Zhang: 10/15/16 to 7/1/18 – 0 hours

7/1/18 to 2/15/19 – 0 hours

2/15/19 to 3/15/20 – 0 hours

**Court Exhibit 4**

13. Was each Plaintiff paid at least one additional hour's pay at the applicable New York minimum wage for each day their "spread of hours" exceeded ten hours, if any?

    a.  Bin Wang:     Yes: ___✓___    No: _____

    b.  Yan Qui Zhang:  Yes: ___✓___    No: _____

*If you answered "YES" to both Questions 13(a) and 13(b), do not answer Question 14, but instead proceed to Question 15.*

*If you answered "NO" to at least one of Questions 13(a) or 13(b), please proceed to Question 14 and answer with respect to the Plaintiff(s) to whom you answered "NO".*

14. To the extent Defendant(s) failed to pay Plaintiff(s) adequate "spread of hours wages," did any Defendant nevertheless act in "good faith"?  <u>Note</u>: you need only provide responses for Dumpling Plus Corp. if you found it to be a Plaintiff's employer in Question 1.

    a.  With respect to Bin Wang:

             Leo Chuliya, Ltd.    Yes: _____    No: _____

             Dumpling Plus Corp.  Yes: _____    No: _____

             Austin Chu        Yes: _____    No: _____

    b.  With respect to Yan Qiu Zhang:

             Leo Chuliya, Ltd.    Yes: _____    No: _____

             Dumpling Plus Corp.  Yes: _____    No: _____

             Austin Chu        Yes: _____    No: _____

**Court Exhibit 4**

**Wage Notice**

15. Was each Plaintiff provided by their employer(s) a written notice containing their rates of pay and the bases thereof, allowances claimed as part of the minimum wage, regular pay day, employer's name and "doing business as" name, employer's physical and mailing address, and employer's telephone number, in English and in Chinese?

    a.  Bin Wang:           Yes: _____        No: ✓_____

    b.  Yan Qui Zhang:     Yes: _____        No: ✓_____

*If you answered "YES" to both Questions 15(a) and 15(b), do not answer Questions 16 or 17, but instead proceed to Question 18.*

*If you answered "NO" for at least one of Questions 15(a) or 15(b), please proceed to Questions 16 and 17 and answer with respect to the Plaintiff(s) to whom you answered "NO".*

16. How many work days elapsed between the start of Plaintiffs' employments and their receiving a written notice containing their rates of pay and the bases thereof, allowances claimed as part of the minimum wage, regular pay day, employer's name and "doing business as" name, employer's physical and mailing address, and employer's telephone number, in English and in Chinese?

    a.  Bin Wang:          318

    b.  Yan Qui Zhang:     1,035

17. To the extent Defendant(s) failed to provide Plaintiff(s) with wage notices, did any Defendant nevertheless act in "good faith?" <u>Note</u>: you need only provide responses for Dumpling Plus Corp. if you found it to be a Plaintiff's employer in Question 1.

    a.  With respect to Bin Wang:

| | | | | |
|---|---|---|---|---|
| Leo Chuliya, Ltd. | Yes: _____ | No: | ✓ |
| Dumpling Plus Corp. | Yes: _____ | No: | _____ |
| Austin Chu | Yes: _____ | No: | ✓ |

    b.  With respect to Yan Qiu Zhang:

| | | | | |
|---|---|---|---|---|
| Leo Chuliya, Ltd. | Yes: _____ | No: | ✓ |
| Dumpling Plus Corp. | Yes: _____ | No: | _____ |
| Austin Chu | Yes: _____ | No: | ✓ |

**Court Exhibit 4**

**Wage Statements**

18. Was each Plaintiff provided by their employer(s) statements with each payment of wages listing the pay period, employee's name, employer's name, employer's address and telephone number, rate of pay and basis thereof, allowances claimed as part of the minimum wage, and net wages?

    a.  Bin Wang:              Yes: _____         No: ✓ _____

    b.  Yan Qui Zhang:       Yes: _____         No: ✓ _____

*If you answered "YES" to both Questions 18(a) and 18(b), do not answer Questions 19 or 20, but instead proceed to Question 21.*

*If you answered "NO" for at least one of Questions 18(a) or 18(b), please proceed to Question 19 and 20 and answer with respect to the Plaintiff(s) to whom you answered "NO".*

19. Set forth the period or periods during which Plaintiffs were not given written wage statements when they are were paid?  <u>Note</u>: you need not use each provided space.

    a. Bin Wang:

        From  09/10/2019      to    03/30/2020

        From  04/13/2020      to    10/11/2020

        From  _____      to    _____

    b. Yan Qiu Zhang:

        From  10/15/2016      to    03/15/2020

        From  _____      to    _____

        From  _____      to    _____

20. To the extent Defendant(s) failed to provide Plaintiff(s) with wage statements, did any Defendant nevertheless act in "good faith?"  <u>Note</u>: you need only provide responses for Dumpling Plus Corp. if you found it to be a Plaintiff's employer in Question 1.

    a.  With respect to Bin Wang:

        Leo Chuliya, Ltd.   Yes: _____     No: ✓ _____

        Dumpling Plus Corp. Yes: _____     No: _____

        Austin Chu         Yes: _____     No: ✓ _____

10

**Court Exhibit 4**

  b. With respect to Yan Qiu Zhang:

| | | | |
|---|---|---|---|
| Leo Chuliya, Ltd. | Yes: _____ | No: | ✓ _____ |
| Dumpling Plus Corp. | Yes: _____ | No: | _____ |
| Austin Chu | Yes: _____ | No: | ✓ _____ |

## Defendants' Counterclaim

21. <u>Only if you answered NO to Question 2</u>, please answer the following question: Did Defendants prove by a preponderance of the evidence that Plaintiff Yan Qiu Zhang was Plaintiff Bin Wang's employer, from September 2019 to March 2020?

         Yes: _____   No: ✓ _____

*(Please proceed to the last page, page 12)*

**Court Exhibit 4**

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson, if everyone is in agreement with the answers to the questions, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____
Foreperson

Dated:  05/20/2024

12